463 So.2d 495 (1985)
Donald R. McGINTY, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2506.
District Court of Appeal of Florida, Second District.
February 8, 1985.
James Marion Moorman, Public Defender, Bartow, Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
PER CURIAM.
This appeal is taken from a judgment and sentence entered upon a guilty plea. Pursuant to section 924.06(3), Florida Statutes, Rule 3.172(c)(iv), Fla.R.Crim.P., and Rule 9.140(b)(1), Fla.R.App.P., there is no right to a direct appeal in such case. *496 The statute requires that "... such a defendant shall obtain review by means of collateral attack." See, also, Robinson v. State, 373 So.2d 898 (Fla. 1979) and Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979). The latter case states that an appeal may be taken only after a collateral attack and mentions the two modes of collateral attack: a motion to withdraw plea and a Rule 3.850 motion to vacate.
Counsel for appellant, the Public Defender for the Tenth Judicial Circuit, has notified this court by means of a "statement of judicial acts to be reviewed" that this appeal is from a guilty plea, the sentence is within the maximum provided by law and, further, has attached a certificate of the clerk of the trial court that no motion to withdraw plea or Rule 3.850 motion to vacate has been filed by appellant in this case.
After receipt of this document filed by the public defender, this court has entered its usual order to show cause directed to appellant, pro se, explaining that any issue as to voluntariness of the guilty plea must now be raised by collateral attack. Appellant has not responded to the show cause order and this appeal must be dismissed because this court is without jurisdiction.
We write this opinion because we sense some concern by appellate counsel as to the ethics of filing such a statement of judicial acts to be reviewed on the ground that the document may appear to be an act taken against the interests of the client. Indeed, a few appellate public defenders have filed such a document reluctantly and most have not filed them at all. We perceive no substantial cause for concern. First, the statute and rules cited above make this a jurisdictional question which the court is obliged to resolve even if not raised by either counsel. Secondly, counsel is not expressing an opinion as to the merits of the client's contentions, only that an appeal does not presently lie. In effect, counsel is merely channeling the client's complaints on the guilty plea to the proper methods of attack, a motion to withdraw or a Rule 3.850 motion, and, if these are denied, an appeal from the denial. In doing this, the appellate attorney has served the client's interest by assisting the court in channeling a claim where it can be heard on the merits. Surely, if Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) permits appointed counsel to state in a brief that there is no merit in the appeal, merely changing the method of attack is permissible. Counsel is also serving the interest of other appellants by alerting this court at an early date since counsel will not have to file a brief on the merits in a case that will be ultimately dismissed anyway and may devote more time to writing briefs in other cases.
Accordingly, the above-styled appeal is hereby dismissed.
GRIMES, A.C.J., and SCHEB and LEHAN, JJ., concur.