468 So.2d 437 (1985)
Anthony Jerome COX, a/K/a Albert A. Himmway, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1500.
District Court of Appeal of Florida, Second District.
May 3, 1985.
James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Migliore, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Defendant pled nolo contendere to charges of burglary of a dwelling and grand theft. The trial judge adjudicated him guilty and placed him on concurrent terms of fifteen-years probation for the burglary and five years probation for the grand theft. Subsequently, at a revocation hearing, the defendant admitted violating several conditions of probation. The trial judge decided not to revoke defendant's *438 fifteen-year probation for burglary; however, he revoked his five-year probation for grand theft. The court sentenced defendant to five years imprisonment for the latter offense to run concurrently with the remaining portion of the fifteen-year term of probation.
Defendant now contends the trial court erred by imposing concurrent terms of probation and imprisonment. We agree.
A defendant cannot serve a prison term and be on probation simultaneously. Brudie v. State, 467 So.2d 1113 (Fla. 2d DCA 1985). See also Roy v. State, 207 So.2d 52 (Fla. 2d DCA 1967). Therefore, we construe the trial court's sentencing order as interrupting defendant's term of probation for the period of incarceration imposed on the theft charge. Thus, upon release from prison, defendant shall receive a credit for time actually served in prison against the then remaining portion of his fifteen-year term of probation.
Accordingly, we affirm defendant's conviction and sentence for grand theft. We affirm defendant's conviction for burglary and his term of probation as herein construed.
GRIMES, A.C.J., and FRANK, J., concur.