DANAHY, Chief Judge.
The appellant contends that the trial court erred in (1) accepting his guilty plea in case number 85-4535; (2) violating the terms of his plea bargain by imposing concurrent terms of imprisonment and probation; and (3) imposing community service. For the reasons stated below, we affirm in part and reverse in part.
In case number 85-4535, appellant pleaded guilty to aggravated battery and criminal mischief. The trial court sentenced him to three and one-half years’ imprisonment on the aggravated battery charge and one concurrent year of imprisonment on the criminal mischief charge. In case number 85-4530, appellant pleaded guilty to three counte of aggravated battery on three police officers, and received three concurrent *1210 terms of probation. The trial court adjudicated appellant guilty of all charges and ordered him, upon release, to make full restitution to the victims. The written judgment imposes community service, pursuant to section 27.3455, Florida Statutes (1985).
Concerning appellant’s first point, he failed to raise the issues which he raises here in a motion to withdraw his plea in the trial court. Because that is so, this court is precluded from reviewing the voluntariness of his plea on direct appeal. Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979). In accordance with Counts, therefore, we affirm as to this point without prejudice to appellant raising these issues in a properly-filed motion for postconviction relief. See Fla.R.Crim.P. 3.850.
Concerning appellant’s second point, we conclude that appellant’s sentences are within the range to which he agreed at his plea hearing. We do, however, find that the trial court’s general order of probation in case number 85-4530 must be reversed and remanded for entry of separate orders of probation for each of the three offenses charged in that case. Coleman v. State, 496 So.2d 896 (Fla. 2d DCA 1986). Upon remand, the trial court is additionally directed to clarify appellant’s sentences and probation orders to reflect that appellant’s terms of probation are interrupted for the periods of incarceration, and that he should receive credit for time served in prison against his then-remaining concurrent fifteen-year terms of probation. Cox v. State, 468 So.2d 437 (Fla. 2d DCA 1985). Further, on remand the trial court is directed to specify a sum certain to be ordered as restitution.
Finally, we hold that the imposition of community service upon appellant pursuant to section 27.3455 violates the ex post facto clauses of the United States and Florida Constitutions. State v. Yost, 507 So.2d 1099 (Fla.1987).
Accordingly, we affirm appellant’s convictions, but reverse the probation order, strike the imposition of community service, and remand with directions for clarifications consistent with this opinion.
LEHAN and FRANK, JJ., concur.