GLICKSTEIN, Judge.
This is the public defender’s Anders brief in a criminal appeal from the Martin County Circuit Court. The defendant appealed, stating that the appeal was from his sentencing. Present counsel states there is no reversible error on the record. Appellee has not responded, nor has appellant filed a brief on his own behalf, though informed of the public defender’s motion to withdraw. We dismiss the appeal.
There was a plea bargain. The defendant pleaded guilty to a charge of fraudulently obtaining a controlled substance, and admitted to a separate violation of probation. The state said it would recommend that appellant receive a concurrent sentence for both offenses within his presumptive guidelines range. At hearing the court made clear it was not bound by the state’s recommendation and was free to impose maximum sentence. The court carefully sounded out the defendant to determine that his plea was voluntary and intelligent, that he understood what rights he was giving up, and that there was a factual basis for the plea.
The defendant’s guidelines score came out at a total of 100 points. This score *363 permits a range of 12 to 30 months incarceration or community control. Rule 3.988(g), Fla.R.Crim.P. The court sentenced the defendant to thirty months in prison with credit for time served, for violating his probation, plus five years probation for the new offense. The state had recommended a sentence at the low end of the guidelines range.
Appellant did not object to the scoring on the presumptive sentence guidelines sheet. He did not move to withdraw his plea. So long as the plea was knowingly, voluntarily and intelligently made, and no attempt has been made to withdraw it, appellant cannot appeal merely because the sentence was not as kind as the state attempted to get for him. It is clear that the court conveyed to him it was not bound by the state’s recommendation, and appellant understood and accepted this, and stood by his plea.
One who pleads guilty cannot challenge the validity of his plea by appeal unless he has first sought to withdraw the plea or vacate it. McGinty v. State, 463 So.2d 495 (Fla. 2d DCA 1985). Absent an appropriate collateral attack, a guilty pleader has no right of direct appeal from judgment and sentence under section 924.-06 (3), Florida Statutes (1985), and the related rules of court. Id. It is not likely the defendant could obtain the vacating of his plea on the ground the sentence was more severe than expected, inasmuch as the court was not bound by the state’s recommendation, and appellant was made aware of this and still stood by his plea. The sentence is not beyond that allowed by statute and guidelines, and could not be attacked on that ground. Appellant’s term of probation, five years, equals the maximum imprisonment term for a third degree felony, which is the category of crime to which he pleaded guilty.
It is not necessary here to determine whether a collateral attack would be successful; there has been none. Therefore, this court lacks jurisdiction to hear an appeal from this judgment and sentence. The record reveals no other court conduct, subsequent to the plea, that could be the basis of an appeal.
LETTS and WALDEN, JJ., concur.