SHIVERS, Chief Judge.
Appellant, Ronnie Roache, appeals both his conviction and sentence for forgery. We find no merit to the arguments raised in connection with appellant’s conviction and, consequently, we affirm the judgment of guilt. We reverse and remand for re-sentencing, however, on two separate bases.
The trial court sentenced Roache to five years incarceration followed by one year probation, stating two reasons for departure from the 372 to 472 year presumptive guideline sentence: (1) that appellant had an escalating pattern of criminal activity and (2) that all prior efforts to rehabilitate appellant had been unsuccessful, making him “not a candidate for rehabilitation.” First, it is established that the total of the incarcerative and probationary portions of a split sentence may not exceed the term provided by general law. Coleman v. State, 496 So.2d 896 (Fla. 2d DCA 1986); State v. Holmes, 360 So.2d 380 (Fla.1978). See also Committee Note to Rule 3.701(d)(12), Fla.R.Crim.P. Since the maximum statutory penalty for forgery is five years, sections 831.01, 775.082(3)(d), Florida Statutes, the split sentence imposed in this case is illegal.
Second, neither of the two reasons stated by the trial court support a guideline departure in this ease. The pre-sentence investigation report (PSI) contained in the record on appeal indicates that Roache has a rather lengthy criminal history, beginning with petit theft as a juvenile, and progressing to robbery, burglary, aggravated battery, and escape. In the two years immediately prior to the instant offense, the PSI indicates one incident of driving without a tag, one altered tag and failure to carry valid registration, one DUI, and three instances of driving with a revoked license. Although the forgery conviction may constitute an escalation over the three most recent driver’s license offenses, it constitutes a decrease in severity in appellant’s overall criminal history. Moreover, it does not represent the type of escalation from crimes against property to violent crimes against persons involved in the “typical case” approving escalating pattern of criminal activity as a reason for departure. Cox v. State, 508 So.2d 1318 (Fla. 1st DCA 1987); Keys v. State, 500 So.2d 134 (Fla.1986).
The court’s second reason for departure is also invalid under this court’s holding in Harris v. State, 489 So.2d 838 (Fla. 1st DCA 1986). As in Harris, the trial court in the instant case seems to have been expressing a decision between a recommended sentence involving rehabilitation only and a departure sentence involving restraint for the maximum statutory term. Since the recommended sentence in the instant case was 372 to 472 years and the maximum statutory sentence was five years, this reason is unclear and invalid.
Accordingly, we affirm appellant’s conviction; we vacate the sentence and remand for resentencing within the guidelines range. Schull v. Dugger, 515 So.2d 748 (Fla.1987).
BOOTH and BARFIELD, JJ., concur.