550 So.2d 72 (1989)
Carlos Clyde GILL, Appellant,
v.
STATE of Florida, Appellee.
No. 89-00061.
District Court of Appeal of Florida, Second District.
September 8, 1989.
Rehearing Denied November 14, 1989.
*73 James Marion Moorman, Public Defender, Bartow, and Jennifer Y. Fogle, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Carlos Clyde Gill appeals his judgment and sentences for the offenses of aggravated assault, fleeing to elude, and driving while license suspended or revoked. We reverse.
Gill pleaded no contest to the above charges pursuant to a plea agreement, which the trial court accepted, that Gill would be sentenced within the sentencing guidelines. Other elements of the sentence, including costs, were left for the trial court's determination. Gill's guidelines scoresheet called for a term of imprisonment of two and one-half to three and one-half years. The trial judge sentenced Gill as follows:
Count I (aggravated assault  three and one-half years in prison followed by one and one half years' probation;
Count II (fleeing to elude)  one year probation consecutive to the probation imposed in count I with a special condition that Gill serve 364 days in county jail;
Count III (driving with suspended or revoked license  one year probation consecutive to probation imposed in count II with a special condition that Gill serve 364 days in county jail.
Gill's first point on appeal is that he should be permitted to withdraw his plea because the trial court mistakenly or inadvertently did not honor the plea agreement. The incarcerative portion of Gill's sentence should not exceed three and one-half years in order to comply with the plea agreement. See Fla.R.Crim.P. 3.701d.12, committee notes (1988 amendment); Calhoun v. State, 522 So.2d 509 (Fla. 1st DCA 1988). We must determine whether the two consecutive 364 days in jail for counts II and III would be considered incarceration for these purposes. Courts have shown an inclination to treat incarceration imposed as a condition of probation in the same manner as incarceration pursuant to a sentence. See Van Tassel v. Coffman, 486 So.2d 528 (Fla. 1986); Griner v. State, 523 So.2d 789 (Fla. 5th DCA 1988). Further, in the case of O'Brien v. State, 478 So.2d 497, 499 (Fla. 5th DCA), cause dismissed, 480 So.2d 1296 (Fla. 1985), O'Brien was sentenced to thirty months' incarceration and five years' probation (with a condition of 364 days in jail) for two second-degree felonies. The fifth district court held that the incarcerative portion of O'Brien's sentence was forty-two months, thereby including within the incarcerative period the days in county jail which were a condition of probation. Applying that rationale to this case, the incarcerative portion of Gill's sentence would be five and one-half years, which exceeds the guidelines and is a violation of the plea agreement. Thus, Gill should be given the opportunity to withdraw his plea. See Stranigan v. State, 457 So.2d 546 (Fla. 2d DCA 1984); Odom v. State, 310 So.2d 770, 771 (Fla. 2d DCA 1975). Gill, however, never moved to withdraw his plea in the trial court. Accordingly, this court is without jurisdiction to grant relief as to this issue. See McGinty v. State, 463 So.2d 495, 496 (Fla. 2d DCA 1985). Gill, therefore, should file in the trial court either a motion to withdraw his plea or a motion under Florida Rule of Criminal Procedure 3.850 to vacate his sentence. See McGinty, 463 So.2d at 496.
Gill's second point on appeal is that his sentence is illegal because it requires him to be imprisoned for three and one-half years, then to be released for one and one-half years' on supervised probation, and then to serve two years in county jail. These facts are somewhat similar to those in Calhoun v. State, 522 So.2d 509 (Fla. 1st DCA 1988), where Calhoun was sentenced *74 in one case to five years' imprisonment followed by two years' probation and in a second case to four years' imprisonment followed by two years' probation to run consecutively to the first sentence. The first district held that such and interruption in the sentence is illegal. Calhoun, 522 So.2d at 510; see also Massey v. State, 389 So.2d 712 (Fla. 2d DCA 1980). The state suggests in its brief that the sentences should be interpreted as requiring Gill to serve three and one-half years in prison, followed by two consecutive periods of probation in jail, followed by one and one-half years of supervised probation. This too would constitute an illegal sentence. See Lanier v. State, 504 So.2d 501, 502-03 (Fla. 1st DCA 1987) (the nonincarcerative portion of a split sentence must immediately follow the prison sanction). Gill, therefore, is correct when he asserts that the trial judge imposed an illegal sentence.
We reverse and remand for resentencing consistent with this opinion and without prejudice for Gill to seek postconviction relief in the trial court to withdraw his plea.
REVERSED and REMANDED.
RYDER, A.C.J., and LEHAN, J., concur.