PER CURIAM.
This cause is before us on appeal from an order of modification of probation. Appellant was found guilty of grand theft of more than $100 and less than $20,000, a third-degree felony punishable by up to five years. He was placed on probation for three years and ordered to pay restitution. His probation was modified by extending the probation an additional two years with continued payment of restitution. Appellant subsequently was injured and unable to pay restitution. The trial court found appellant did not violate his probation during the two years of his injury based on his inability to pay; however, his probation was extended an additional two years.
Appellant argues, and the State concedes, that the extension of his probation for an additional two years beyond the maximum penalty was improper, based on Swift v. State, 362 So.2d 723 (Fla. 2d DCA 1978), holding that the maximum period of probation is the maximum period of incarceration for the offense. We agree.
Accordingly, the trial court’s order of modification of probation dated June 16, 1989, is reversed.
BOOTH, WIGGINTON and BARFIELD, JJ., concur.