557 So.2d 630 (1990)
Archie BOLDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 89-757.
District Court of Appeal of Florida, First District.
February 26, 1990.
*631 Michael E. Allen, Public Defender, and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and William A. Hatch, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Bolden appeals a trial court order denying his motion for credit on his sentence for all gain-time awarded during his prior incarceration for the crime in which he has now received a sentence for violation of probation. We reverse.
In January 1987, Bolden pleaded nolo contendere to a grand theft charge and was placed on probation for two years. The following June an affidavit alleging violation of probation was filed. On November 2, 1987, he admitted the violation and was subsequently sentenced to two years in prison followed by one year probation.
Shortly after Bolden's release from prison, another affidavit was filed alleging violation of probation in that he failed to report to his probation officer, or to pay his supervision fees, court costs, restitution, and attorney's fees. The affidavit further alleged Bolden's failure to perform community service and that he committed burglary with assault and simple battery. On January 17, 1989, Bolden admitted the allegations, his probation was revoked, and he was sentenced to five years in prison with 234 days credit for the time he was actually incarcerated.
On February 1, 1989, Bolden filed a Fla. R.Crim.P. 3.800 motion to correct his sentence asserting that under the recent decision of this court in Green v. State, 539 So.2d 484 (Fla. 1st DCA 1988) (Green I), he was entitled to credit for gain-time earned during his prior incarceration. On March 13 the trial court entered an order which interpreted Green I to mean that credit for gain-time was limited to incentive gain-time. The court directed that Bolden be given credit for all days he actually served in county jail before he was committed to prison, the amount of time he actually served in prison on the original sentence, and the amount of gain-time he actually earned while in prison as computed by the Department of Corrections plus the number of days he actually served in county jail after he was arrested on the warrant for violation of probation up to the date of his second sentence.
At the time of his decision, the trial judge did not have the benefit of the subsequent supreme court decision in State v. Green, 547 So.2d 925 (Fla. 1989), decided September 15, 1989. In this decision, the supreme court held:
A prisoner who is released early because of gain-time is considered to have completed his sentence in full. See § 944.291, Fla. Stat. (1987). Receipt of gain-time is dependent on a prisoner's behavior while in prison, not on satisfactory behavior once the prisoner has been released from incarceration. Therefore, accrued gain-time is the functional equivalent of time spent in prison.
Id. at 926. The supreme court went on to hold that although Green was released early, the incarcerative portion of his split sentence was completed, and upon resentencing after violating his probation Green was clearly entitled to credit for his total sentence, including all gain-time. The supreme court found that the trial court erred in counting as time served only the time Green actually spent in prison, and that this denial of credit for gain-time already accrued was essentially a retroactive forfeiture of gain-time. Under this decision, a prisoner who has served a prior *632 sentence and been released and placed on probation is entitled to credit, not only for the time he was actually incarcerated on the prior sentence, but also all gain-time that he earned prior to his release when he is sentenced for violation of probation imposed as a part of that prior sentence.
Bolden also claims that he received an illegal split sentence and that the trial court erred in failing to provide written reasons for departure. However, no appeal was taken from the judgment and sentence imposed and these alleged errors cannot be considered by this court on appeal from an order on a motion in which these issues were not raised.
REVERSED and REMANDED for resentencing in accord with the holding of this case.
BARFIELD, J., and SCHWARTZ, ALAN R., Associate Judge, concur.