585 So.2d 399 (1991)
George Albert PORTER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2790.
District Court of Appeal of Florida, First District.
August 27, 1991.
Rehearing Denied October 4, 1991.
Nancy A. Daniels, Public Defender, Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Sara D. Baggett, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant appeals an order determining that his term of probation has not expired. We affirm.
In March 1986, appellant was sentenced in five separate cases in Gadsden County to a valid split sentence[1] of a total of 30 months in prison, to be followed by two years of probation, a special condition of which was that appellant pay restitution in the amount of $11,580. In October 1986, he was sentenced in Leon County on charges arising from three additional cases, unrelated to the Gadsden County cases, to one five-year and two nine-year prison terms, to run concurrently with each other but consecutively to the Gadsden County sentences.[2]
Appellant was released from prison in all of the above cases in April 1990 and thereafter attempted to determine the status of the probation portion of his Gadsden County sentence. He argued below that his probation term began running upon his completion of the Gadsden County prison terms, and thus expired while he was serving *400 his Leon County prison terms. He asserted that a determination that his probation term began only after his release from prison in the Leon County cases would transform his Gadsden County sentences into an unlawful intermittent sentence. Calhoun v. State, 522 So.2d 509 (Fla. 1st DCA 1988); Lanier v. State, 504 So.2d 501 (Fla. 1st DCA 1987).
Based on the following reasoning, the judge below rejected that argument and determined that appellant is still subject to the term of probation:
4. It is well settled that a defendant cannot serve a prison term and be on probation simultaneously. The subsequently-imposed sentences from Leon County prevented the defendant's Gadsden County probationary terms from commencing immediately upon completion of his Gadsden County prison terms. This result, however, does not create ex post facto an illegal intermittent sentence. The defendant's legal split sentences in Gadsden County (thirty months incarceration followed by two years probation) were interrupted by a subsequently-imposed prison sentence from Leon County. To hold otherwise would be inconsistent with the rehabilitative concept of probation which presupposes that the probationer is not in prison confinement. Any term of probation presumed to run when the defendant cannot be supervised would be a nullity. See e.g. Ware v. State, 474 So.2d 332 (Fla. 1st DCA 1985) that "where a probationer absconds from supervision the probationary period is tolled until he is once more placed under probationary supervision." (emphasis supplied) Similarly, in the instant cases, the actions of the defendant (that is, the commission of offenses for which he received the Leon County sentences) resulted in the interruption of his Gadsden County sentences.
We agree with the trial court. Lanier and Calhoun are not applicable here since those cases involved related sentencing orders which created the interrupted sentence whereas this case involves unrelated sentencing orders, rendered at different times in different counties, with the result that appellant's intervening criminal activity and consequent sentences, which are unchallenged here, effected the interruption of his sentence. Thus, we decline to extend the Lanier and Calhoun holdings to this case.
Relying upon Delk v. State, 510 So.2d 1209 (Fla. 2d DCA 1987) and Cox v. State, 468 So.2d 437 (Fla. 2d DCA 1985), appellant further argues that he is entitled to credit against his Gadsden County term of probation for the time served in prison on the Leon County sentences. He asserts that since the Leon County prison terms extended beyond the probationary term to which he was sentenced, he is entitled to release from his probationary term because that term would have expired while he remained in prison on the Leon County sentences. In Cox, the court recognized that a defendant cannot serve a prison term and be on probation simultaneously[3] and, thereupon, construed a prison sentence imposed on only one of two counts for violation of probation as an interruption of the defendant's original lengthy term of probation imposed in the second count, since the prison sentence was to run concurrently with the probation sentence; thus, the court directed that, upon release from prison, the defendant should receive credit for time served in prison against the then remaining portion of his lengthy probationary term.
In Delk, the appellant appealed a single sentencing order combining two cases, in which he received concurrent prison and probationary terms. Relying on Cox, the court remanded for clarification of the sentencing and probation orders to reflect that the terms of probation would be interrupted for the periods of incarceration and that the defendant should receive credit for time served in prison against his then remaining concurrent probationary terms. Again, in *401 recognition of the sanctity of a judge's jurisdiction and authority to lawfully dispose of cases before him, without the interference of unrelated sentencing orders, we decline to apply those holdings, which involve sentences imposed by the same trial judge at the same time, to the instant case which involves two sentencing orders, which are unrelated in time, place and forum.
Therefore, the trial judge's determination that appellant is still subject to his probationary term is affirmed.
WOLF, J., and WENTWORTH, Senior Judge, concur.
NOTES
[1] Section 921.187(1)(g), F.S. (1989); Glass v. State, 574 So.2d 1099 (Fla. 1991).
[2] In this appeal, appellant does not challenge the validity of his Leon County sentences.
[3] Brudie v. State, 467 So.2d 1113 (Fla. 2d DCA 1985); Roy v. State, 207 So.2d 52 (Fla. 2d DCA 1967).