JOANOS, Chief Judge.
Appellant seeks review of the sentences imposed in connection with his violation of probation and his conviction of a new grand theft charge. We reverse and remand for resentencing.
On November 21, 1989, appellant pled guilty to grand theft, and was sentenced to twenty-two months in state prison, to be followed by thirty-eight months probation. Appellant was released from prison on March 16, 1990. On April 12, 1990, an affidavit of violation of probation was filed against him, alleging his failure to comply with the reporting requirements of his probation. Subsequently, an amended affidavit was filed, alleging that appellant admitted to theft of jewelry from a residence. On April 22, 1991, appellant pled nolo con-tendere to the new grand theft charge, and to the violation of probation.
The sentencing guidelines scoresheet prepared for both offenses placed appellant in the recommended sentencing range of community control or twelve to thirty months incarceration. At sentencing, the trial court revoked appellant’s probation, and imposed a sentence of three and one-half years, less credit for time served on the 1989 grand theft conviction with the remainder of the sentence, if any, to be on probation. As to the 1990 grand theft charge, appellant was adjudicated guilty and placed on community control for two years, followed by probation for three years. The sentence on the 1990 conviction was to be served consecutively to the 1989 sentence.
The written sentencing document filed in connection with the 1989 case imposes a sentence of three and one-half years followed “by a period of remainder of probation,” and awards credit for 178 days. The written probation order filed in connection with the 1989 case committed appellant to the custody of the Department of Corrections for three and one-half years, “with credit for 135 days cjt,” with the notation that appellant had served twenty-two months on the same case. This order further states that after appellant served all of the three and one-half year sentence, he was to be placed on probation for two years.
Appellant seeks reversal of the sentencing plan, urging that (1) he was denied *142 credit for the twenty-two months served on the front end of the 1989 split sentence; (2) the combined three and one-half years incarceration and two years probation on the 1989 probation revocation constituted an illegal sentence; and (3) his probationary period was interrupted by a period of community control. The state agrees appellant is entitled to credit for the full period of the incarcerative portion of his probationary split sentence, but submits the trial court properly ordered the credit due, which must be determined by the Department of Corrections. The state further agrees the total sentence imposed in the 1989 case exceeds the statutory maximum and should be reduced to five years, and the imposition of incarceration/probation, followed by community control/probation, is improper and requires resentencing.
We agree that the ambiguities or errors in the sentencing plan devised by the trial court require reversal and remand for resentencing. For example, it is well settled that a defendant who is resentenced on a probation violation following release from the incarcerative portion of a probationary split sentence, is entitled to credit for the total sentence, notwithstanding that the defendant received an early release. State v. Green, 547 So.2d 925, 926 (Fla.1989); Bolden v. State, 557 So.2d 630 (Fla. 1st DCA 1990); Copeland v. State, 553 So.2d 384 (Fla. 1st DCA 1989). Similarly, the total of the incarcerative and probationary periods of a split sentence may not exceed the term provided by general law. Roache v. State, 547 So.2d 706, 707 (Fla. 1st DCA 1989). Further, where a sentencing scheme involves periods of incarceration or community control followed by periods of probation, the statutes do not authorize intermittent periods of incarceration and probation. Rather, the incarcerative portions of the sentences must be served in a continuous period, to be followed immediately by the non-incarcerative portion of the sentence. Washington v. State, 564 So.2d 563 (Fla. 1st DCA 1990); Lanier v. State, 504 So.2d 50 (Fla. 1st DCA 1987); Sanchez v. State, 538 So.2d 923 (Fla. 5th DCA 1989). See also Porter v. State, 585 So.2d 399 (Fla. 1st DCA 1991).
The record in this case suggests that, as to the sentence imposed for violation of probation in the 1989 case, the trial court intended to credit appellant with all time served and all accrued gain-time. This can be inferred from the trial court’s statement that appellant was to be committed to the Department of Corrections for three and one-half years, “less credit for time served,” with the remainder of the sentence, “if any, to be on probation.” The oral pronouncement of probation failed to specify a time certain, but the written probation order specified a two-year probationary period. If by this plan, the trial court intended to impose a five and one-half year sanction, it is an illegal sentence, and must be reversed for reduction of the sentence to the maximum authorized by general law, that is, five years.[1]
As to the sentencing disposition in the 1990 case involving the new grand theft offense, the trial court imposed a two-year period of community control, followed by three years probation. This sanction was to be served consecutively to the 1989 sentence. The state acknowledges that the practical effect of this consecutive sentencing disposition would be a period of incarceration, followed by probation, followed by community control, followed by probation, i.e., an interrupted, hence illegal, sentence.
In view of the ambiguity attendant upon the sentencing disposition in the 1989 case, and the impermissible gap between the respective incarcerative periods and probationary periods caused by the 1990 consecutive sentencing disposition, the sentencing orders and probationary orders are reversed, and the cause is remanded for re-sentencing.
ZEHMER and WOLF, JJ., concur.

. Appellant pled guilty to grand theft, a third-degree felony. See § 812.014(2)(c), Fla.Stat. (1989). Five years is the maximum penalty authorized by statute for a third-degree felony. See § 775.082(3)(d), Fla.Stat. (1989).