597 So.2d 920 (1992)
Shirley Gayle HORNER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 91-01802, 91-01813 and 91-01818.
District Court of Appeal of Florida, Second District.
April 24, 1992.
James Marion Moorman, Public Defender, and Julius Aulisio, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
The defendant, Shirley Gayle Horner, appeals the sentences she received on May 17, 1991, on revocation of her probation in three cases. In total, she received 3 1/2 years' incarceration and 22 years' probation. As a condition of probation, she was required to spend up to 22 years at the Bradenton Probation and Restitution Center. We affirm the period of incarceration and the term of probation, but strike the condition of probation which requires Ms. Horner to spend an extended term at the restitution center.
The three cases on appeal involve numerous thefts, all third-degree felonies. Case one concerns a worthless check for $167 *921 given to a grocery store in 1983.[1] Case two concerns a theft of $300 in February 1988.[2] Case three concerns seven worthless checks, totalling $3,871, also written in February 1988.[3] In November 1988, Ms. Horner received concurrent split sentences of incarceration followed by probation in these cases.
Apparently, Ms. Horner subsequently wrote additional worthless checks. As a result, the state sought a revocation of her probation. Ms. Horner pleaded no contest to the alleged violations. At the revocation hearing in May 1991, the trial court sentenced Ms. Horner to concurrent terms of 3 1/2 years' imprisonment in cases one and two. The prison sentences were to be followed by a 1-year probationary term for case two and a consecutive 1-year term of probation for case one. These probationary periods were to be followed by four consecutive 5-year terms of probation in case three.[4] As a condition of each term of probation, the defendant was sentenced to report to the Bradenton Probation and Restitution Center within 24 hours of release from prison. It is clear that the trial court intended for Ms. Horner to spend up to 22 years at the restitution center, but it also expected she would petition for release from this condition after a much shorter period.
The defendant raises three issues concerning this sentencing structure. First, she challenges the year of probation in case one because that split sentence was interrupted by the year of probation in case two. She maintains that this creates an unauthorized gap between prison time and probation. Her argument is supported by Lanier v. State, 504 So.2d 501 (Fla. 1st DCA 1987), and Washington v. State, 564 So.2d 563 (Fla. 1st DCA 1990).
We recognize that section 948.01(8), Florida Statutes (1989), requires a period of probation to "commence immediately upon release of the defendant from incarceration" whenever a "split sentence" is imposed. We interpret this provision to preclude a period of complete freedom between incarceration and probation. Cf. Massey v. State, 389 So.2d 712 (Fla. 2d DCA 1980) (90-day jail sentence could not be served in weekend increments of "intermittent incarceration"). Under the guidelines, a trial judge is frequently obligated to sentence a defendant on several counts or several separate informations at one sentencing hearing. See Clark v. State, 572 So.2d 1387 (Fla. 1991). We see no logical reason why the legislature would authorize these consecutive terms of probation if the incarceration were imposed in only one of the cases, but would prohibit these consecutive terms if the identical incarceration were imposed concurrently in two cases.[5] Since there is no gap between the incarceration and the probation imposed at this sentencing hearing, we affirm this aspect of the sentencing method and announce conflict with Lanier and Washington.[6]
Second, the defendant argues that her stay at the Bradenton Restitution and Probation Center cannot last 22 years. She is correct. Bradenton Restitution and Probation Center is a Department of Corrections center. *922 Placement in such a restitution center may not exceed 364 days. § 921.187, Fla. Stat. (1989).[7] Thus, this condition of probation is appropriate for the first 1-year term of probation. This condition of probation, however, is stricken from the sentences imposed in case one and case three.
Finally, the defendant argues that the Bradenton Restitution and Probation Center is a variety of imprisonment which can only be imposed within the guidelines to the extent that the guidelines authorize imprisonment or incarceration. Our record contains no evidence concerning the living conditions of participants in that program.
We understand that "probation and restitution centers" are community-based facilities where probationers "who have violated their terms or conditions may be required to reside while working, receiving treatment, or attending school." § 944.026(1)(c), Fla. Stat. (1991). The enunciated purpose of these facilities "is to provide the court with an alternative to committing offenders to more secure state correctional institutions and to assist in the supervision of probationers." § 944.026(1)(c), Fla. Stat. (1991). The legislature intends that programs be imposed for a limited term "as a condition of probation or community control." § 921.187, Fla. Stat. (1989). Cf. TalMason v. State, 515 So.2d 738 (Fla. 1987) (jail credit not generally available for probationary rehabilitation). On the face of this record, we see no reason to limit the use of such facilities to cases in which the guidelines would authorize a comparable period of incarceration.
Affirmed except to the extent that certain conditions of probation are stricken.
SCHOONOVER, C.J., and CAMPBELL, J., concur.
NOTES
[1] No. 91-01818, on appeal from State v. Horner, No. 83-258-CF-A-DCC, Circuit Court of the 20th Judicial Circuit, Charlotte County, Florida. Our record on appeal is somewhat limited. We have no information about the proceedings in this case between 1983 and 1988. We assume that the defendant elected sentencing under the guidelines for this offense in order to avoid a more severe sentence.
[2] No. 91-01813, on appeal from State v. Horner, No. 88-385-CF-A-DCC, Circuit Court of the 20th Judicial Circuit, Charlotte County, Florida.
[3] No. 91-01802, on appeal from State v. Horner, No. 88-386-CF-A-DCC, Circuit Court of the 20th Judicial Circuit, Charlotte County, Florida.
[4] She also received three additional terms of concurrent probation on the remaining counts in case three. Those terms do not affect our analysis.
[5] Indeed, if the trial court had not imposed a split sentence including a concurrent 3 1/2-year term of incarceration in case one, it could have sentenced the defendant to yet another 5-year term of probation.
[6] See also Latham v. State, 596 So.2d 140 (Fla. 1st DCA 1992).
[7] Placement in a county residential probation facility may be imposed for a period up to 3 years. § 921.187(1)(d), Fla. Stat. (1989). From our record, it does not appear that the Bradenton Restitution and Probation Center is classified as a county facility.