598 So.2d 235 (1992)
Christopher A. ARNETT, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2819.
District Court of Appeal of Florida, First District.
May 8, 1992.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Christopher A. Arnett (appellant), appeals the sentencing disposition in this case. Pursuant to a plea agreement, appellant pled no contest to charges of dealing in stolen property, possession of a firearm by a convicted felon, and two counts of burglary of a conveyance. He was sentenced to concurrent five-year periods of incarceration as to each count, with a concurrent three-year minimum mandatory sentence for the possession of a firearm offense, the sentences to be followed by a six-month probationary period. Appellant contends the three-year minimum mandatory sentence is illegal, and the split sentences of five years followed by six months probation exceed the statutory maximum for third degree felonies, and thus are illegal. The state agrees that the sentencing plan is improper, and the impropriety was not cured by the plea agreement. We reverse and remand for resentencing.
The offense of possession of a firearm by a convicted felon is not one of the offenses enumerated in section 775.087(2), Florida Statutes (1989), to which the three-year mandatory minimum provisions *236 apply. See Kennedy v. State, 564 So.2d 1127, 1130 (Fla. 1st DCA 1990); Gainey v. State, 557 So.2d 887, 888 (Fla. 1st DCA 1990). Similarly, it is well settled that the total of the incarcerative and probationary portions of a split sentence may not exceed the term provided by general law. Roache v. State, 547 So.2d 706, 707 (Fla. 1st DCA 1989); Bono v. State, 553 So.2d 293, 294 (Fla. 1st DCA 1989). Burglary of a conveyance is a third degree felony, see § 810.02(3), Fla. Stat.(1989), for which the maximum penalty is five years. See § 775.082(3)(d), Fla. Stat.(1989). Therefore, appellant's five-year concurrent sentences followed by six months probation exceed the statutory maximum.
Because "[a] trial court cannot impose an illegal sentence pursuant to a plea bargain," Williams v. State, 500 So.2d 501, 503 (Fla. 1986), the sentences are vacated, and the cause is remanded for resentencing within the statutory maximum, and within the sentence bargained for, or appellant should be afforded an opportunity to withdraw his plea.
ALLEN and WEBSTER, JJ., concur.