JOANOS, Chief Judge.
Appellant, Henry H. Walker, appeals the sentence imposed after the trial court granted his motion for post-conviction relief, in which appellant challenged the legality of his sentence. We reverse.
In March 1989, appellant entered a negotiated plea of guilty to two counts of lewd and lascivious act upon a child. The trial court imposed a fifteen-year sentence, to be followed by five years of probation. In accordance with the plea agreement, the state dismissed three other charges. The guidelines scoresheet specified the negotiated sentence as the reason for departure from the recommended sentencing range.
On July 3, 1989, appellant filed a motion pursuant to Florida Rule of Criminal Procedure 3.850, alleging ineffective assistance of counsel and a coerced confession. This motion was denied. On February 7, 1990, appellant filed a motion for correction of sentence, alleging that the fifteen-year sentence followed by probation constituted an illegal sentence. On May 22, 1990, appellant filed a rule 3.850 motion for post-conviction relief, again alleging the illegality of the sentence. In an order entered June 14, 1990, the trial court granted the motion, and resentenced appellant to a ten-year sentence followed by five years of probation for one count, and a fifteen-year sentence for the other count, the sentences to run concurrently.
Appellant contends the corrected sentence is illegal, because he will be incarcerated for the fifteen-year sentence at the time he is serving the probationary period following the ten-year sentence. The state concedes that the sentencing disposition is impermissible.
There are two principles involved in the resolution of this case. First, it is well settled that when a sentencing plan involves a split sentence, i.e., a sentence combining incarceration and probation, the total of the incarcerative and probationary portions of the sentence may not exceed the maximum term provided by general law. Arnett v. State, 598 So.2d 235 (Fla. 1st DCA 1992); Roache v. State, 547 So.2d 706, 707 (Fla. 1st DCA 1989); Smith v. State, 584 So.2d 154 (Fla. 2d DCA 1991). Second, a period of probation “shall commence immediately upon the release of the defendant from incarceration.” § 948.-01(8), Fla.Stat. (1987); Horner v. State, 597 So.2d 920, 921 (Fla. 2d DCA 1992). In other words, “(a] probationary term that falls between or interrupts an incarcerative sentence or sentences is illegal.” Humphrey v. State, 579 So.2d 335, 336 (Fla. 2d DCA 1991). See also Barr v. State, 474 So.2d 417, 419 (Fla. 2d DCA 1985); Cox v. State, 468 So.2d 437 (Fla. 2d DCA 1985). *915 This is because an offender has the right to serve an uninterrupted split sentence. Washington v. State, 564 So.2d 563 (Fla. 1st DCA 1990).
Appellant in this case pled guilty to two second-degree felonies, which carry a maximum sanction of fifteen years incarceration. § 775.082(3)(c), Fla.Stat. (1987). Since the maximum possible sanction which could be imposed was fifteen years, the original split sentence of fifteen years followed by five years of probation was illegal. At resentencing, the trial court attempted to remedy the excessive sentence by imposing a fifteen-year sentence as to one count, and a concurrent ten-year sentence followed by a probationary period of five years as to the other count. The state acknowledges that the attempt at correction was ineffective, in that the second resentencing plan would have appellant serving probation on one count at the same time he completed his incarceration on the other count.
Accordingly, the sentence imposed upon the grant of appellant’s motion for post-conviction relief is reversed and remanded for resentencing.
SMITH and ZEHMER, JJ., concur.