615 So.2d 850 (1993)
Daniel Wayne JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03054.
District Court of Appeal of Florida, Second District.
March 19, 1993.
James Marion Moorman, Public Defender, and Kevin Briggs, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Acting Chief Judge.
Daniel Wayne Jackson appeals his sentences imposed for convictions of DUI and driving with a suspended license. We find the trial court's final oral pronouncement of sentence to be ambiguous. However, we also find that the trial court's intention is discernible from the record as a whole. Accordingly, we reverse only for a clearer pronouncement and written order.
At the conclusion of the sentencing hearing the trial court orally imposed the sentences as follows:
As to your conviction, under case number 91-557, Count I, driving under the influence, it is the sentence of this Court that you be placed on five years probation, with a special condition you spend three hundred and sixty-five days in the Lee County Jail, credit for time served.
As to the operating a motor vehicle while your license is suspended or revoked [Count II], it is the sentence of this Court that you be sentenced to a period of incarceration of one year in the *851 Lee County Jail, that period of incarceration to run consecutive to the sentence already imposed.
The appellant argues that the result of this oral pronouncement is that the jail term of Count II will be served after the entire five-year probationary sentence of Count I. He argues that this is an impermissible gap in sentencing in violation of section 948.01(8), Florida Statutes (1989).[1]See Gill v. State, 550 So.2d 72 (Fla. 2d DCA 1989); see also Lanier v. State, 504 So.2d 501 (Fla. 1st DCA 1987).
The state, on the other hand, contends that the result of this oral pronouncement is that the appellant will serve the jail term of Count I, then the jail term of Count II, then the probationary period of Count I. Cf., Cox v. State, 468 So.2d 437 (Fla. 2d DCA 1985) (under similar sentencing scheme jail time merely results in permissible interruption of probationary term); accord Delk v. State, 510 So.2d 1209 (Fla. 2d DCA 1987). The written sentence is not helpful in clarifying the ambiguity of the oral pronouncement because it conflicts with both parties' interpretations.
A defendant's "sentence is properly what the trial court intended it to be." Gonzales v. State, 488 So.2d 610 (Fla. 4th DCA 1986). A full reading of the transcript of the sentencing hearing demonstrates that the trial court, both counsel, and the appellant himself, all understood that the court intended to impose the sentences in accord with the state's interpretation in this appeal. This sentencing structure comports with section 948.01(8). See also, Horner v. State, 597 So.2d 920 (Fla. 2d DCA 1992) (permissible to have concurrent prison terms on two counts followed by probation on second count followed by probation on first count),[2]Cox. Because the trial court's oral pronouncement of sentence did not make plain this intention, we reverse and remand for resentencing in accord with this opinion. See, Stroder v. State, 599 So.2d 287 (Fla. 1st DCA 1992); Gonzales; see also Ferguson v. State, 460 So.2d 573 (Fla. 4th DCA 1984).
Finally, we note another error which must be corrected on remand. The imposition of 365 days in jail as the incarcerative portion of the probationary term in Count I exceeds by one day the maximum which may be served as a condition of probation. Villery v. Florida Parole & Probation Comm'n, 396 So.2d 1107 (Fla. 1981), modinized by statute on other grounds as recognized in Van Tassel v. Coffman, 486 So.2d 528 (Fla. 1986); § 948.03(5), Fla. Stat. (1989).
Reversed and remanded for resentencing.
CAMPBELL and THREADGILL, JJ., concur.
NOTES
[1] Section 948.01(8), Florida Statutes (1989) provides:

(8) Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, impose a split sentence whereby the defendant is to be placed on probation or, with respect to any such felony, into community control upon completion of any specified period of such sentence which may include a term of years or less. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant and direct that the defendant be placed upon probation or into community control after serving such period as may be imposed by the court. The period of probation or community control shall commence immediately upon the release of the defendant from incarceration, whether by parole or gain-time allowances.
[2] We reject any contention that Horner and Gill v. State, 550 So.2d 72 (Fla. 2d DCA 1989), conflict because their facts distinguish them. In Horner, we allowed consecutive probationary periods for two different counts to follow concurrent jail terms for those same two counts. In Gill, we found it impermissible to have a jail term followed by a probationary period followed by another jail term. Clearly, Gill sought to address an evil where the sentencing structure discouraged compliance with the terms of probation and undercut the purposes of probationary sentencing because the probation in Gill was sandwiched between jail terms. Such sandwiching of a probationary period between jail terms is not present in Horner, nor in the instant case. In both Horner and the instant case, the probationary periods follow the jail terms and are not thereafter succeeded by further incarceration.