618 So.2d 789 (1993)
David Devon MOULTRIE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2203.
District Court of Appeal of Florida, First District.
May 21, 1993.
Nancy A. Daniels, Public Defender, Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
In this direct appeal from an order revoking the probationary portion of a split sentence and again sentencing him to prison, appellant raises two issues: (1) whether the trial court committed reversible error when it imposed a sentence which was within the next higher cell's permitted range, rather than the recommended range; and (2) whether the trial court committed reversible error when it declined to give credit for the entire incarcerative portion of the split sentence originally imposed. We affirm as to the first issue without discussion, based upon Brown v. State, 581 So.2d 936 (Fla. 1st DCA 1991). However, we are constrained to reverse as to the second issue.
In 1990, appellant was adjudged guilty of robbery with a firearm and sentenced to 4 1/2 years in prison, to be followed by 3 years on probation. After he had been released from prison, appellant violated the terms of his probation. The trial court revoked appellant's probation, and sentenced him to 9 years in prison. However, when appellant requested credit for the full 4 1/2 years to which he had originally been sentenced, the trial court held that he was entitled to credit only for the period he had actually spent in prison. This was error.
Having completed the sentence originally imposed, appellant was entitled to credit for that entire sentence, not merely the period actually served. State v. Green, 547 So.2d 925 (Fla. 1989). Accord Latham v. State, 596 So.2d 140 (Fla. 1st DCA 1992); Bolden v. State, 557 So.2d 630 (Fla. 1st DCA 1990). In 1990, the legislature effectively overruled Green, when it enacted what is now section 948.06(6), Florida Statutes. Ch. 89-526, § 8, at 2664, Laws of Fla. However, that provision did not become effective until after appellant had committed the original offense. Therefore, Green controls the outcome in this case. Bell v. State, 610 So.2d 737 (Fla. 2d DCA 1993); Thomas v. State, 605 So.2d 1286 (Fla. 4th DCA 1992).
We affirm appellant's sentence. However, we remand with directions that the trial court give appellant credit for the entire 4 1/2-year term of his original sentence.
*790 AFFIRMED and REMANDED, with directions.
ERVIN, ZEHMER and WEBSTER, JJ., concur.