FERNANDEZ, J.
The State of Florida appeals the trial court’s order granting in part and denying in part Virgil Lee Harris’ motion to correct illegal sentence. We reverse because the court committed no error when it failed to orally pronounce sentence and specifically pronounce sentence as a violent career criminal (“VCC”) at the sentencing hearing.
The State filed a six-count information against Harris on September 25, 1997: count 1 — robbery using a deadly weapon or firearm; count 2 — robbery using a deadly weapon or firearm; count 3 — attempted first degree murder; count 4— battery on a person 65 years of age or older; count 5 — battery on a person 65 years of age or older; count 6-burglary with assault or battery therein while armed. A jury convicted Harris on all grounds except one. On count 3, the jury convicted Harris of aggravated assault with a firearm as a lesser included offense.
The court adjudicated Harris and sentenced him on counts 1, 2, and 6 to a term of natural life as a VCC, with no minimum mandatory term. The court also sentenced Harris on counts 3, 4, and 5 to a term of fifteen years also as a VCC, with a minimum mandatory term of ten years. Count 2 was to run consecutive to count 1, and counts 3, 4, 5, and 6 to run concurrent with counts 1 and 2. This Court affirmed the sentence in Harris v. State, 747 So.2d 1070 (Fla. 3d DCA 2000).
In 2012, Harris filed a Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. The trial court en *1168 tered an order granting in part and denying in part Harris’ motion. The trial court granted the motion on two grounds: (1) where Harris claimed that the sentence for count 5 was illegal because the trial court did not orally pronounce the sentence; and (2) where Harris asserted that the trial court failed to specifically pronounce the VCC sentence for counts 1, 2, and 6 at the sentencing hearing. The State now appeals, claiming this Court should reverse on these two grounds. We agree.
Harris first argued in his 3.800(a) motion that the sentence for count 5 was illegal because the trial court did not orally pronounce the sentence. He was sentenced in 1999 to three concurrent fifteen-year sentences on counts 3, 4 and 5, each with ten-year minimum mandatory terms, and as a VCC. However, the record reflects that Harris completed these sentences. This issue is thus moot. See Miller v. State, 996 So.2d 954 (Fla. 1st DCA 2008).
Next, we agree with the State that the trial court erred when it granted Harris’ 3.800(a) for its failure to specifically pronounce sentence at the hearing as a VCC on counts 1, 2 and 6. The sentencing court’s intention was sufficiently discernible from the record to determine that the court ordered a VCC sentence for counts 1, 2 and 6. A review of the totality of the circumstances at the sentencing hearing indicates the court’s intention on counts 1, 2, and 6 was clear. The partial sentencing transcript attached to Harris’ rule 3.800(a) motion reflects that Harris qualified as both a HVO and a VCC. Harris was then immediately sentenced at the hearing on all counts as a VCC. In the trial court’s written order, Harris was also sentenced as a VCC on all counts.
Furthermore, at the sentencing hearing, the State declared that Harris qualified as a VCC on all counts. The State also declared that the jury returned verdicts with the highest degree of guilt for each count, and that the trial court was required to review section 775.084, Florida Statutes (1999) to decide if Harris qualified as a career criminal on all counts. The court then explained to Harris that his sentencing was based on the six counts that he was found guilty of, as well as all of his priors. The trial court further notified Harris that he had a twenty-year history of committing violent crimes in this community and in Georgia, and that his last two victims were in their seventies.
The trial court then declared that, based on section 775.084, Harris met the criteria for life in prison on count 1 and consecutive life prison on count 2. It then sentenced Harris on count 4 to fifteen years as a career criminal to run concurrently with counts 1, 2, 3 and 4. On count 6, the trial court sentenced Harris to life in prison, to run concurrently with counts 1 and 2. The trial court further declared that the sentences were necessary for the protection of the public and that they met the criteria for section 775.084.
Florida law is clear that when the trial judge’s oral pronouncement of a sentence is ambiguous, but the judge’s intention is discernible from the record, the proper sentence is what the judge intended the sentence to be. Jackson v. State, 615 So.2d 850, 851 (Fla. 2d DCA 1993). Under the totality of circumstances, the trial court’s intention is clearly discernible from the record. The sentence is thus what the trial court intended it to be— Harris was sentenced as a VCC on counts 1, 2 and 6.
Additionally, section 775.084(l)(c) requires the court to impose the VCC sentence if the defendant qualifies. Also, the VCC sentence is a mandatory life sentence under section 775.084(l)(b) and (4)(b), and *1169 the court did not sentence the defendant to a minimum mandatory sentence, which is required if a defendant is sentenced as a HVO offender under section 775.084(l)(b) and (4)(b). As such, under the totality of circumstances, it can be inferred that the sentence is a VCC sentence for counts 1, 2 and 6.
Accordingly, we reverse and remand the case to the trial court for denial of Harris’ Florida Rule of Criminal Procedure 8.800(a) motion.
Reversed and remanded with instructions.