[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15390
Non-Argument Calendar

_____

D.C. Docket No. 4:12-cv-00642-RH-CAS

D'ANDRE PLUMMER,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 14, 2016)

Before WILSON, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

D'Andre Plummer, a Florida prisoner proceeding pro se, appeals the district

court's denial of his 28 U.S.C. § 2254 habeas petition.  On appeal, he argues that

his trial counsel rendered ineffective assistance by failing to properly convey and explain a plea offer by the State. After a careful review of the parties' briefs and the record, we affirm.

Plummer is currently serving a 15-year sentence for aggravated battery of a pregnant woman. Plummer contends that his trial counsel, John Eagan, failed to properly convey to him a seven-year plea offer by the State. The trial court record reflects a colloquy regarding the State's plea offer, in which Plummer acknowledged to the judge that he understood that the State's final plea offer was for seven years. During that colloquy, Plummer indicated confusion related to the consequences of the plea offer. His confusion was based on the "Green case": a case he researched and thought applied to him. The colloquy reflected that in light of his research, Plummer was interested in the plea offer, but that he had previously counter-offered a six-year deal, which the prosecutor rejected.

The post-conviction trial court held an evidentiary hearing, finding that Plummer's misunderstanding stemmed from his own research and did not result from his counsel's ineffective assistance. Furthermore, Eagan provided testimony as to his role in the plea bargaining process, and the court found his testimony credible. The state appellate court also concluded that the evidentiary hearing clearly refuted Plummer's ineffective assistance claim. Subsequently, Plummer

2

filed his present habeas petition in district court.  The district court agreed with the state courts and found that Eagan was not ineffective in regards to the plea offer.

In examining the denial of a petition filed under 28 U.S.C. § 2254, "we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error."  *Stewart v. Sec'y, Dep't of Corr.*, 476 F.3d 1193, 1208 (11th Cir. 2007).  When a state court denies relief on a federal constitutional claim, we "presume that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."  *See Harrington v. Richter*, 562 U.S. 86, 99, 131 S. Ct. 770, 784–85 (2011).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Id.* at 562 U.S. at 101, 131 S. Ct. at 786.  This deferential standard is demanded by § 2254(d).  *See id* at 100–01, 131 S. Ct. 785–86.

To make a successful claim of ineffective assistance of counsel, a defendant must show that: (1) his counsel's "performance was deficient"; and (2) "the deficient performance prejudiced his defense."  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  In considering an ineffective assistance claim, we must "recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id.* at 690, 104 S. Ct. at 2066.  Counsel's performance is

3

deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. *See id.* at 688, 104 S. Ct. at 2065.

"Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105, 131 S. Ct. at 788 (internal quotation marks omitted). This court has stated that this "double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." *Downs v. Sec'y, Fla. Dep't of Corr.*, 738 F.3d 240, 258 (11th Cir. 2013) (internal quotation marks omitted).

The district court did not err in concluding that it was reasonable for the state court to determine that the performance of Plummer's counsel was not ineffective. The trial transcript reflects that Plummer understood that a seven-year plea offer had been offered, and he had countered with a request for six-years. Thus, Eagan clearly informed Plummer about the offer. Moreover, Eagan's approach to the "Green case" was not unreasonable. Plummer asserts that Eagan was ineffective because he did not "understand" the Green case[1] and how it was relevant to Plummer's plea offer. However, the Green case was overruled by the

---

[1] Plummer's references to the "Green case" or the "Green act" refer to *State v. Green*, 547 So. 2d 925 (Fla. 1989).

4

Florida legislature in 1990,[2] well-before Plummer's offenses.  It was thus clearly inapplicable to Plummer.  Plummer does not show that the district court's conclusions were unreasonable, and fails to overcome the double deference standard.  Accordingly, we affirm the district court's denial of Plummer's § 2254 habeas petition.

**AFFIRMED.**

---

[2] "In 1990, the legislature effectively overruled *Green* when it enacted what is now section 948.06(6), Florida Statutes. Ch. 89-526, § 8, at 2664, Laws of Fla." *Moultrie v. State*, 618 So. 2d 789, 789 (Fla. Dist. Ct. App. 1993) (per curiam).