# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-0518
_____

THOMAS BENJAMIN BROWN,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____

On appeal from the Circuit Court for Duval County.
Bruce Anderson, Judge.

February 15, 2019

PER CURIAM.

Thomas Benjamin Brown ("Brown") appeals the denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. For the reasons set forth below, we affirm.

In 2002, following a negotiated plea, Brown was convicted of sexual battery and sentenced to seven years in prison, to be followed by five years on sex offender probation. In 2013, he admitted violating his probation and was sentenced to twenty-five years in prison, to be followed by five years on probation, which this Court affirmed in a prior appeal. Brown now files the instant appeal after raising three claims in a postconviction motion.

All claims raised by Brown relate to the fact that when he was released from prison in 2009 to start his probation, he was transferred to the Florida Civil Commitment Center, a secure facility under the jurisdiction of the Department of Children and Families. He alleges he never agreed to that "enhancement" of his probationary sentence. In ground one, he alleges the trial court lacked jurisdiction to revoke his probation because his placement in the secure Civil Commitment Center was illegal. In ground two, he argues his placement in the civil commitment center violated his double jeopardy rights because it constitutes an "enhancement" of his probationary term after it was imposed. In ground three, Brown alleges counsel was ineffective for failing to raise those issues and for allowing him to enter a plea to violating his probation when his probation had not yet begun (as he remained confined).

The supreme court has held that involuntary commitment for sexual predators is a civil commitment, not a punishment. *See State v. Harris*, 881 So. 2d 1079, 1083 (Fla. 2004). As such, a plea agreement for incarceration followed by probation is not violated when a defendant is civilly committed after his release from incarceration. *Id.* The supreme court specifically rejected the argument raised by Brown that by civilly committing him, the State was adding a term to probation (i.e., requiring him to complete "residential" sex offender treatment). *Id.* Additionally, because the involuntary commitment of sexual predators is a civil proceeding, not a criminal sentence or punishment, the appellant's civil commitment does not violate double jeopardy as it does not represent an improper increase in his sentence after it has been imposed. *See Westerheide v. State*, 831 So. 2d 93, 99-104 (Fla. 2002). Finally, contrary to his assertions, Brown was on probation while in the secure facility. This Court has noted, "a period of probation shall commence immediately upon the release of the defendant from incarceration." *Walker v. State*, 604 So. 2d 913, 914 (Fla. 1st DCA 1992) (internal quotation and citation omitted). Because the civil commitment is not a sentence or incarceration, his probation started immediately upon the expiration of his seven-year incarcerative sentence and his transfer to the civil commitment facility.

The conclusion that probation starts as soon as a defendant is released to a civil commitment is further supported by section 948.012(6), Florida Statutes. In 2014, the subsection was amended to indicate probation or supervision was to be tolled while a defendant was civilly committed. That section is effective for defendants whose "sentences of probation or community control begin[s] on or after October 1, 2014." §947-012(6), Fla. Stat. (2014). Here, Brown began his probation in 2009. Thus, prior to 2014, defendants were on probation as soon as they were released to civil commitment under the jurisdiction of the Department of Children and Families. Accordingly, the trial court had jurisdiction to revoke his probation.

AFFIRMED.

B.L. THOMAS, C.J., and M.K. THOMAS, J., concur; ROWE, J., concurs in result only.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Thomas Benjamin Brown, pro se, Appellant.

Ashley B. Moody, Attorney General, Tallahassee, for Appellee.