# Third District Court of Appeal

## State of Florida

Opinion filed September 8, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-678
Lower Tribunal No. F89-5623B

_____

**Rodney Rogers,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Robert F. Dunlap, P.A., and Robert F. Dunlap, for appellant.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before EMAS, LOGUE and SCALES, JJ.

PER CURIAM.

Affirmed.  See Florida Dep't of Transp. v. Juliano, 801 So. 2d 101, 105 (Fla. 2001) (holding: "The doctrine of the law of the case requires that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings"); State v. McBride, 848 So. 2d 287 (Fla. 2003) (holding collateral estoppel/issue preclusion prevents identical parties from relitigating the same issues that have already been decided); Rogers v. State, 963 So. 2d 717 (Fla. 3d DCA 2007) (table) (affirming order denying defendant's 2006 motion to correct illegal sentence, which raised the same issue raised in the instant appeal). See also State v. Harris, 129 So. 3d 1166, 1168 (Fla. 3d DCA 2014) (holding "Florida law is clear that when the trial judge's oral pronouncement of a sentence is ambiguous, but the judge's intention is discernible from the record, the proper sentence is what the judge intended the sentence to be").