729 So.2d 421 (1999)
Jarod H. HOFFMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3578.
District Court of Appeal of Florida, First District.
February 18, 1999.
Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
JOANOS, J.
Two issues are raised in this appeal from an order of the trial court revoking appellant's community control, and imposing a ten-year sentence of incarceration. The issues *422 are whether the trial court was without jurisdiction to revoke community control, and whether appellant's violation of condition (12) of his community control was willful. We reverse on the first issue.
Appellant entered into a plea agreement whereby he pled no contest to robbery, a second degree felony. Pursuant to the plea agreement, a ten-year suspended sentence was to be imposed, and appellant was to be required to serve two years of community control, subject to various conditions, to be followed by eight years of probation, with conditions. In addition to the two years of community control, appellant would be required to serve twenty-six weekends in jail at the direction of his probation officer, with various court costs, fines, and work hours left to the discretion of the trial court.
On March 21, 1995, the trial court adjudicated appellant guilty, and pronounced sentence in accordance with the terms of the plea agreement. The court imposed court costs in a total amount of $261.00, and imposed a fine of $1,000.00. The community control order was signed March 28, 1995, nunc pro tunc, March 21, 1995. The order was filed March 29, 1995.
On March 18, 1997, an Affidavit of Violation of Community Control was signed by appellant's community control officer; the affidavit was filed March 25, 1997. In the affidavit, the community control officer alleged that appellant violated several conditions of his community control. After a hearing, appellant was found to have violated the terms of his community control by violating condition (12). Condition (12) states:
(12) You will remain confined to your approved residence except for one half hour before and after your approved employment, public service work, or any other special activities approved by your officer.
The trial court imposed a ten-year period of incarceration with 107 days credit for time served, and entered a civil judgment for the unpaid balance of appellant's monetary obligations.
Turning to the first issue, the state properly concedes that the question of subject matter jurisdiction may be raised for the first time on appeal. The state also concedes that the affidavit alleging appellant violated his community control was filed, and the warrant issued, after the two-year period of community control had expired. Nevertheless, the state asserts that the trial court retained subject matter jurisdiction to revoke appellant's community control by virtue of the probationary period which commenced when appellant's community control terminated. We do not agree.
It is well settled that the trial court lacks jurisdiction to revoke probation for a violation that occurs within the period of probation, "unless the revocation process is set in motion during the probationary period." See State v. Boyd, 717 So.2d 524, 526 (Fla.1998), approving, Boyd v. State, 699 So.2d 295 (Fla. 1st DCA 1997). In Boyd, the supreme court reaffirmed the ruling in Dubbs v. Lehman, 100 Fla. 799, 130 So. 36 (1930), where the court previously held that "an arrest warrant is not issued until a judge signs the warrant and the warrant is delivered to the proper executive officer for execution." See Boyd, 717 So.2d at 526, citing Dubbs, 100 Fla. at 804, 130 So. at 38. See also Francois v. State, 695 So.2d 695, 697 (Fla.1997).
In Tyson v. State, 655 So.2d 214 (Fla. 1st DCA 1995), this court ruled that the same jurisdictional requirement applies to community control. In Tyson, we held that the trial court lacked jurisdiction to revoke community control where the affidavits of violation were not filed until after the period of community control had expired. The state argues that here jurisdiction was retained because Hoffman was still under supervision, since he was on probation when the necessary affidavit was filed and the warrant was delivered for execution. We reject the attempt to establish a distinction. While probation and community control do share some similarity in that they both involve supervision, their periods of effectiveness do not overlap. Once the community control period terminated, community control had ended and could not be resurrected by actions taken thereafter.
Here, appellant's community control terminated March 21, 1997. The affidavit of *423 violation of community control was not filed until March 25, 1997. Similarly, the warrant was not signed until March 25, 1997. The record does not indicate when the warrant was delivered to the proper executive officer for execution. Appellant was serving his probation by the time the revocation of community control process had been set in motion. Further, the community control condition which appellant was found to have violated was not a condition of his probation. Since the revocation of community control process was not set in motion during the community control period, we conclude the trial court lost authority to revoke appellant's community control. Our decision on the first issue renders the second issue moot.
Accordingly, we vacate the order of revocation of community control, and remand this cause with directions to reinstate appellant's probation.
KAHN, J., CONCURS.
DAVIS, J., CONCURS IN RESULT ONLY.