741 So.2d 1205 (1999)
Willie Mae McNEAL, Appellant,
v.
STATE of Florida, Appellee.
No. 99-1022.
District Court of Appeal of Florida, First District.
September 22, 1999.
Rehearing Denied October 18, 1999.
*1206 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; L. Michael Billmeier, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
In this appeal, the appellant argues that the trial court's order of revocation of community control should be vacated because, under State v. Boyd, 717 So.2d 524 (Fla. 1998), the trial court had no jurisdiction to revoke community control. We agree.
In this case, the appellant was charged with felony petit theft and sentenced to five years in prison which was suspended in favor of one year community control followed by one year probation. The one year community control was to begin on September 5, 1997, and to expire on September 5, 1998. Upon affidavit of violation of community control, a warrant was signed by the circuit judge on October 3, 1997, but the warrant was not delivered to the sheriff's department for execution until December 3, 1998. Upon appellant's admission to four violations of community control, her community control and probation were revoked and she was sentenced to three years in prison with credit for 67 days served.
In State v. Boyd, 717 So.2d 524, 526 (Fla.1998), the supreme court held that "an arrest warrant is not issued for purposes of setting in motion the probation revocation process until a judge has signed a warrant and the warrant has been delivered to the proper executive officer for execution" (emphasis added). In the 1999 legislative session, however, chapter 99-169, Laws of Florida, was passed to become effective July 1, 1999. Chapter 99-169 amends section 901.02(1), Florida Statutes (1997), to add the sentence, "A warrant is issued at the time it is signed by the magistrate."
Although the language of the amendment itself does not indicate whether the chapter law is to be applied retroactively, the staff analysis expressly states that the amendment will affect future cases only:
The first amendment [to section 901.02] changes this result in future cases by providing that the revocation process begins when a warrant is signed by a judge. Thus, a defendant's probation could be revoked if the judge signs the warrant before the term of probation expires even if it is not delivered to the sheriff to be executed until after the probationary period has ended.
Fla.H.R.Comm. on Law Enf. and Crime Prev., CS for SB 11 (1999) Final Analysis (June 14, 1999) (on file with comm.) (emphasis added). The change in the law set forth in chapter 99-169 did not take effect until July 1, 1999; therefore, it would not apply in the instant case (where the magistrate's *1207 signature and the delivery to the clerk took place prior to July 1, 1999), but rather the instant case would be controlled by Boyd. We, therefore, reverse and remand with directions that the order revoking appellant's community control as well as the judgment and sentence entered subsequent to that revocation be vacated, that the affidavit alleging a violation of appellant's community control be dismissed, and that the appellant be discharged.
JOANOS, WOLF and BENTON, JJ., concur.