757 So.2d 618 (2000)
Elvin Otis MORGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-1779.
District Court of Appeal of Florida, Second District.
May 17, 2000.
*619 James Marion Moorman, Public Defender, and Douglas S. Connor, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Elvin Morgan appeals from the revocation of his community control and the resulting sentence. We reverse because the trial court was without jurisdiction to revoke Morgan's community control.
On January 6, 1997, the trial court adjudicated Morgan guilty of possession of cocaine, depriving an officer of means of protection or communication, obstructing or opposing an officer with violence, and two counts of battery on a law enforcement officer. On that same day, Morgan began serving concurrent one-year terms of community control, to be followed by one year of probation. An affidavit alleging that Morgan violated two conditions of his community control was signed on December 31, 1997. The court signed an arrest warrant on January 8, 1998, three days after the term of Morgan's community control had expired. On February 17, 1998, the trial court revoked Morgan's community control and sentenced him to two years' community control to be followed by two years' probation.
While serving the new community control term, an affidavit was signed on December 2, 1998, alleging that Morgan had violated three conditions of his community control. The trial court signed the warrant on January 28, 1999. On April 13, 1999, the trial court revoked Morgan's community control and sentenced him to 34.6 months' imprisonment.
Morgan now correctly contends that the trial court was without jurisdiction when it originally revoked his community control because he had completed the term of community control before the revocation process was set in motion. A revocation proceeding is set in motion when the arrest warrant is issued; for the purposes of this case, "an arrest warrant is not issued until a judge signs the warrant and the warrant is delivered to the proper executive officer for execution." State v. Boyd, 717 So.2d 524, 526 (Fla.1998).[1] Here, the trial court did not even sign the arrest warrant until January 8, 1998, three days after Morgan's original term of community control expired on January 5, 1998. Thus, the revocation process had not been set in motion before Morgan's community control expired, and the trial court lacked jurisdiction to revoke his community control and impose a new sentence. See id.; Slingbaum v. State, 751 So.2d 89 (Fla. 2d DCA *620 1999); McNeal v. State, 741 So.2d 1205 (Fla. 1st DCA 1999). We note that because the trial court lacked subject matter jurisdiction, see Hoffman v. State, 729 So.2d 421 (Fla. 1st DCA 1999), Morgan could raise this defect at any time. See Tatum v. State, 736 So.2d 1214 (Fla. 1st DCA 1999); C.W. v. State, 637 So.2d 28 (Fla. 2d DCA 1994).
The trial court had no jurisdiction to impose Morgan's new terms of community control and probation on February 17, 1998. Consequently, we must vacate the prison sentence that Morgan is currently serving because it is predicated upon violation of the new community control which the trial court was without jurisdiction to impose. Morgan's original sanction of community control and probation totaled two years. These terms, imposed January 6, 1997, were never properly revoked, and Morgan's term of supervision should have terminated January 5, 1999. Accordingly, we reverse and remand with directions that the orders revoking community control and resulting judgments and sentences be vacated, that the affidavits alleging violations of community control be dismissed, and that Morgan be discharged on these offenses.
Reversed and remanded.
BLUE, A.C.J., and FULMER, J., Concur.
NOTES
[1] In Slingbaum v. State, 751. So.2d 89 (Fla. 2d DCA 1999), this court recognized that Boyd has been superseded by statute regarding the definition of when a warrant issues. Under § 901.02(1), Florida Statutes (1999), which is prospective in application, a warrant is issued when the judge signs it. See Slingbaum, 751 So.2d at 90, n. 1.