PER CURIAM.
J.T. was adjudicated delinquent on the charge of first-degree petit theft. He appeals his adjudication only as to the state’s failure to prove the value of the stolen merchandise. Under section 812.014(2)(e), Florida Statutes (1999), the state was required to prove the value of the merchandise was between one hundred dollars ($100) and three hundred dollars ($300). The only evidence adduced at trial to establish this element of the charge was the hearsay testimony of two witnesses who, admittedly, had no personal knowledge of the price or value of the stolen items.
On appeal, the state does not dispute that the statements were hearsay. Instead, it argues that J.T. did not adequately preserve his objections for appeal. We disagree. Therefore, having determined that J.T.’s objections were timely, we conclude that the state failed to prove the value of the stolen items, an essential element of the charge, as it relied entirely on inadmissible hearsay. As such, we must reverse the adjudication of delinquency for petit theft in the first degree and remand with directions to adjudicate J.T. delinquent for petit theft in the second degree under section 812.014(3)(a), Florida Statutes.[1] See T.E.J. v. State, 749 So.2d 557, 558 (Fla. 2d DCA 2000)(reversing adjudication for first-degree petit theft and remanding for adjudication on second-degree petit theft where state produced no evidence of value of stolen property).
We also reverse and remand the order of disposition. As the state concedes, J.T. was entitled to credit for time served in secure detention. See L.K v. State, 729 So.2d 1011 (Fla. 4th DCA 1999); C.B. v. State, 729 So.2d 538 (Fla. 1st DCA 1999); E.R. v. State, 584 So.2d 158 (Fla. 2d DCA 1991).
GUNTHER, STONE, and GROSS, JJ., concur.

. Section 812.014(3)(a) provides:
Theft of any property not specified in subsection (2) is petit theft of the second degree and a misdemeanor of the second degree ....