866 So.2d 698 (2003)
Steve William ERMATINGER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4738.
District Court of Appeal of Florida, Second District.
July 25, 2003.
James Marion Moorman, Public Defender, and Paul C. Helm, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Steve Ermatinger appeals his conviction and sentence following the revocation of his community control and probation. We affirm in part and reverse in part.
Ermatinger was sentenced on August 27, 1998, pursuant to a plea agreement, to two years' community control followed by three years' probation for aggravated battery. On that same date, Ermatinger entered an open plea to felonious possession of a firearm, and after a hearing was sentenced to ten months' incarceration followed by fourteen years' probation. Both sentences were to run concurrent.
On October 16, 2000, Ermatinger was arrested for violation of community control based on an arrest affidavit filed by his probation officer. On October 31, 2000, his probation officer filed a second affidavit of *699 violation of community control and an affidavit alleging that Ermatinger had violated several conditions of his probation. Following a hearing, the trial court found Ermatinger in violation of both his probation and community control and sentenced him to concurrent terms of sixty months' incarceration on both counts.
Ermatinger argues that the trial court lacked jurisdiction to revoke his community control on the aggravated battery conviction because he had completed his two-year term of community control when the revocation process began. We agree. A trial court lacks jurisdiction to revoke probation for a violation that occurs within the period of probation "unless the revocation process is set in motion during the probationary period." Hoffman v. State, 729 So.2d 421 (Fla. 1st DCA 1999). This same requirement applies to community control. Tyson v. State, 655 So.2d 214 (Fla. 1st DCA 1995). Ermatinger's concurrent sentences on the felonious possession of a firearm and aggravated battery were imposed on August 27, 1998. Ermatinger's term of community control on the aggravated battery offense therefore expired on August 27, 2000. Because the revocation process did not begin until October, after Ermatinger's period of community control expired, the trial court was without jurisdiction to revoke his community control for aggravated battery. See Morgan v. State, 757 So.2d 618 (Fla. 2d DCA 2000); Hoffman, 729 So.2d 421. Accordingly, we reverse and remand with directions that the affidavit alleging violations of community control on this offense be dismissed, that the order revoking Ermatinger's community control be vacated, and that his sentence for violation of community control be vacated.
Ermatinger also argues that the trial court erred in finding that he violated conditions 1 and 22 of his probation for felonious possession of a firearm because any violations were caused by his mental illness and thus were not wilful. We disagree. Condition 1 of Ermatinger's probation required that he file a monthly report. The affidavit of violation of probation alleged that Ermatinger failed to file the required report on October 3, 2000. Condition 22 prohibited Ermatinger from consuming alcohol. The affidavit of violation alleged that Ermatinger admitted to his probation officer that he consumed alcohol on September 13, 2000.
Expert testimony was introduced at the revocation hearing that the majority of Ermatinger's problems related to his use of alcohol. This court has held that even an alcoholic must refrain from using alcohol when abstention is a required condition of probation. See Spry v. State, 750 So.2d 123 (Fla. 2d DCA 2000). Ermatinger admitted to consuming alcohol while on probation. We therefore affirm the revocation of his probation for violation of this condition. Failure to file one written report, standing alone, is generally insufficient to support revocation of probation. Butler v. State, 775 So.2d 320 (Fla. 2d DCA 2000). However, coupled with Ermatinger's wilful violation of condition 22, we conclude that revocation based on violation of condition 1 was proper.
Affirmed in part, reversed in part, and remanded with directions.
NORTHCUTT and STRINGER, JJ., concur.