884 So.2d 306 (2004)
Ramon PEREZ, III, Appellant,
v.
STATE of Florida, Appellee.
Nos. 2D02-4801, 2D02-5193.
District Court of Appeal of Florida, Second District.
August 20, 2004.
*307 James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
In these consolidated appeals, Ramon Perez, III, challenges two orders that altered his probation. The first order signed on November 7, 2000, but not rendered until February 22, 2001extended Perez's probationary period by one year, so that the probationary period would expire on October 7, 2002. Perez argues that there was no willful, substantial violation of probation for which the court could have modified his probation.[1] The second orderrendered on January 28, 2003 revoked Perez's probation and sentenced him to seven years' imprisonment. Perez argues that the trial court lacked jurisdiction to enter this order because the extension of the probationary period by the first order was error and thus the probationary period expired before the second affidavit of violation was filed. We conclude that the trial court improperly modified Perez's probation in the first order because there was no willful, substantial violation of the terms of his probation. Consequently, absent the one-year extension, the trial court lacked jurisdiction to enter its second order revoking Perez's probation. Therefore, we reverse both orders.

The First Order
In 2000, the State alleged that Perez violated a condition of his probationthat he will present himself for random testing for the presence of drugs/alcohol at the request of his community control/probation officerbecause he failed to report to the probation office on July 19, 2000, between 4 p.m. and 5 p.m., as instructed by his probation officer. At the evidentiary hearing, Perez testified that he had been working that day and had followed his supervisor's orders to work through lunch and to clean out his truck. Only after asking someone what time it was did Perez realize at 4:30 p.m. that he was running late. Perez called his probation officer and informed her that he would be arriving late. *308 At 5:20 p.m., Perez arrived at the probation office. However, upon Perez's arrival, the officer requested that he return the next day to complete the drug test. Perez reported to the probation office the next morning as instructed and completed the drug test. The test results were negative for the presence of illegal substances. Nevertheless, the trial court found that Perez violated his probation by failing to report as instructed between 4 p.m. and 5 p.m. on July 19, 2000. Based upon its finding, the trial court modified Perez's probation by extending it for one year.
Pursuant to section 948.06, Florida Statutes (2000), the trial court may modify the terms and conditions of probation by extending the probationary period upon notice of the alleged violation, a hearing, and proof that the defendant has violated the terms and conditions of probation. See Clark v. State, 579 So.2d 109 (Fla.1991); Weidmann v. State, 582 So.2d 1251 (Fla. 2d DCA 1991); Russo v. State, 603 So.2d 1353 (Fla. 1st DCA 1992). However, in order for the trial court to modify the terms and conditions of probation by extending the probationary period, the State must prove that the defendant's violation was willful and substantial. Hanania v. State, 855 So.2d 92, 94 (Fla. 2d DCA 2003). This court has recently explained:
The trial court must determine whether the violations were willful and substantial and supported by the greater weight of the evidence or, stated differently, whether the defendant made reasonable efforts to comply with the terms and conditions of probation. See State v. Carter, 835 So.2d 259, 261 (Fla.2002); Davis v. State, 867 So.2d 608, 610 (Fla. 2d DCA 2004).
Oates v. State, 872 So.2d 351, 353 (Fla. 2d DCA 2004). The trial court has broad discretion to determine whether there has been a willful and substantial violation, and our review of the trial court's determination is for abuse of discretion. Hanania, 855 So.2d at 94.
A single failure to report to a probation officer may, under certain circumstances, justify a revocation of a defendant's probation. See Ermatinger v. State, 866 So.2d 698, 699 (Fla. 2d DCA 2003). Nevertheless, the facts in the present case do not support the modification. Perez's failure to report to the probation office between 4 p.m. and 5 p.m. cannot be viewed as a substantial violation in light of the fact that he did report only twenty minutes late. Moreover, the only reason that the drug test was not performed that day was that the probation officer requested that it be performed the following day. The reason Perez was required to report to the office was so that a drug test could be performed; this purpose was achieved. Therefore, we conclude that the State failed to prove that Perez willfully and substantially violated his probation.

The Second Order
Perez argues that the trial court lacked jurisdiction to revoke his probation in 2002 because the revocation process was not set in motion prior to the expiration of his probationary period. We agree. See Francois v. State, 695 So.2d 695 (Fla.1997); Morgan v. State, 757 So.2d 618 (Fla. 2d DCA 2000).
Accordingly, we reverse both orders and remand this case to the trial court to vacate its order extending Perez's probation by one year and to vacate its order revoking Perez's probation and the resulting judgment and sentence.
Reversed and remanded.
DAVIS, CANADY, and WALLACE, JJ., Concur.
NOTES
[1] We review the first order pursuant to an order granting Perez a belated appeal.