934 So.2d 665 (2006)
Stacey MARSHALL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-2896.
District Court of Appeal of Florida, Second District.
August 4, 2006.
*666 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
KHOUZAM, NELLY N., Associate Judge.
Stacey Marshall appeals the judgment and sentence imposed following the revocation of his probation. We affirm the judgment and sentence for the felony of possession of cocaine but reverse the judgment and sentence for two misdemeanors: possession of drug paraphernalia and driving on a suspended license.
On January 16, 2003, Marshall pleaded guilty to possession of cocaine and to the two misdemeanors. Adjudication was withheld, and Marshall was placed on two years of probation for cocaine possession, one year of probation for possessing paraphernalia, and six months of probation for driving with a suspended license. More than a year later, a warrant was issued based on an affidavit alleging several violations of probation. The trial court revoked Marshall's probation following his admission to violating four probationary conditions. The trial court adjudicated him guilty of all three counts and sentenced him on each count to 364 days in the county jail with credit for time served, each sentence to run concurrently. All jail time has now been served, and Marshall is not subject to any further supervision.
We affirm the order revoking probation and the judgment and sentence for possession of cocaine because the revocation process was begun within the two-year probationary period for that offense. However, we reverse as to the two misdemeanors because the respective probationary periods had expired prior to the commencement of the revocation proceedings and the trial court no longer had jurisdiction to revoke probation, adjudicate guilt, or impose any sentence with regard to those offenses. See Ermatinger v. State, 866 So.2d 698 (Fla. 2d DCA 2003). Therefore, the revocation order and the judgment and sentences for the misdemeanors are reversed. On remand, the trial court shall enter a corrected revocation order consistent with this opinion.
*667 Affirmed in part, reversed in part, and remanded with directions.
FULMER, C.J., and NORTHCUTT, J., Concur.