964 So.2d 167 (2007)
Jimmy Lee JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2995.
District Court of Appeal of Florida, Fifth District.
June 22, 2007.
*168 James S. Purdy, Public Defender, and Dee Ball, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Jimmy Lee Jones appeals the revocation of his probation arguing the State did not meet the affidavit and arrest warrant requirements of section 948.06(1), Florida Statutes (2003), to toll the probationary period. Accordingly, the court lacked jurisdiction to revoke his probation after the probationary term ended. We agree and reverse.
The trial court revoked Jones's earlier term of probation in January 2003 and imposed a new one-year probation term. *169 On 21 May 2003, Jones was arrested for robbery of a store clerk. Stamped "Special Handling Violation of Probation," an arrest affidavit/first appearance form filed 22 May 2003 included the law enforcement officer's narrative that the robbery offense constituted a violation of condition (5) of Jones's probation. The court set a revocation hearing for July 2003, but no revocation hearing or trial occurred on the May 2003 offense. On 23 June 2004, the State filed an amended affidavit of violation of probation, citing the May 2003 robbery and another violation of condition (5) for charges of home invasion robbery while armed and kidnapping while armed that occurred on 4 June 2004.
Jones unsuccessfully sought to suppress the home invasion robbery victims' identification of him in the 2004 case; at trial, however, the jury acquitted him of both charges. Nonetheless, the defense had agreed that the trial court would try the violation of probation based upon the evidence presented at trial. Over defense objection that the State's amended affidavit of violation did not properly charge him, the trial court ruled that the State had proved by a preponderance of the evidence that Jones had violated condition (5) of his probation by committing the home invasion robbery.
Jones timely filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) and raised the same objection concerning the tolling of the probation term under section 948.06(1). Though the rule 3.800 hearing transcript references an affidavit filed 9 July 2003, the circuit court clerk reported that there was no affidavit of probation violation filed by probation and parole in 2003. The trial court denied the motion.
First, we find no merit to Jones's argument that the trial court abused its discretion in finding a probation violation when the trial evidence demonstrated some uncertainty over Jones's identification. The victim identified Jones at trial and in a photopack prepared by law enforcement. Other circumstances concerning the recovery of some of the victim's jewelry also tied Jones to the robbery. Trial courts have broad discretion in determining whether a term of probation has been violated, and the proper standard of review is whether the lower court abused its discretion. Johnson v. State, 880 So.2d 749, 750 (Fla. 5th DCA 2004).
The remaining issue before this court is whether the State met the tolling requirements of section 948.06(1) when no arrest warrant issued and the only affidavit filed is a notarized arrest affidavit/first appearance form stamped Special Handling Violation of Probation. We review de novo an issue that requires only a legal determination based on undisputed facts. State v. Florida, 894 So.2d 941, 945 (Fla. 2005).
Jones argues that the court lacked jurisdiction to consider the violation of probation because both the filing of a violation affidavit and the issuance of an arrest warrant are required to toll the probationary period under section 948.06(1). The record does not include an affidavit of violation of probation filed during the one-year term of probation that commenced 10 January 2003. He contends that the June 2004 filing of an amended affidavit to allege the 2003 and 2004 new law violations did not resurrect the court's jurisdiction.
Section 948.06(1) states in pertinent part:
Upon the filing of an affidavit alleging a violation of probation . . . and following issuance of a warrant under s. 901.02, the probationary period is tolled until the court enters a ruling on the violation. Notwithstanding the tolling of *170 probation as provided in this subsection, the court shall retain jurisdiction over the offender for any violation of the conditions of probation . . . that is alleged to have occurred during the tolling period.
Once a term of probation expires, a court lacks jurisdiction to entertain an application for a revocation of probation based upon a violation that occurred during the probation period unless, during the term of probation, appropriate steps were taken to revoke or modify probation. Stambaugh v. State, 891 So.2d 1136, 1139 (Fla. 4th DCA 2005). The appropriate steps require the issuance of an arrest warrant based upon an affidavit alleging a violation of probation. Id.; see also Baroulette v. McCray, 904 So.2d 575, 576-77 (Fla. 3d DCA 2005) (holding mere filing of affidavit of violation does not ensure court's jurisdiction over defendant for revoking probation after probationary period has ended; an arrest warrant must ensue from the violations alleged in the affidavit).
In Jean-Gilles v. State, 921 So.2d 860, 861 (Fla. 4th DCA 2006), the court held that the trial court lacked jurisdiction to revoke probation where a warrant, but no affidavit of violation of probation, was filed before the defendant's probationary period ended. Both the filing of an affidavit and issuance of a warrant are required to toll the probationary period. Id.
We reject the State's argument that the issuance of an arrest warrant was not required here because the law enforcement officer knew of Jones's probationary status and Jones had already been arrested for robbery. Citing Grubbs v. State, 373 So.2d 905, 908 (Fla.1979), the State urges that section 948.06 expressly authorizes the probation supervisor to arrest a probationer without a warrant and to bring the probationer before the court that entered the probation order whenever there are reasonable grounds to believe the probationer has violated his probation. The 1977 statute relied upon in Grubbs, however, did not expressly require for tolling the probationary term for the filing of an affidavit of probation and the issuance of a warrant.
Here, even if one construes the arrest affidavit/first appearance form filed 22 May 2003 as a properly sworn affidavit, it is the issuance of the warrant prior to the expiration of the probationary period that vests the trial court with jurisdiction, not the filing of the affidavit. See Crain v. State, 914 So.2d 1015, 1017 (Fla. 5th DCA 2005). Both the filing of an affidavit of violation and the issuance of an arrest warrant are required to toll the probationary period, and the mere filing of the affidavit is insufficient. Sepulveda v. State, 909 So.2d 568, 570 (Fla. 2d DCA 2005).
No arrest warrant issued or proper affidavit of violation of probation was filed in this case before Jones's revocation of probation. Based upon the unique facts of this case, however, the record reflects that Jones was incarcerated for the majority of the time after the court imposed his one-year probation term in May 2003.[1] The record and circuit court docket reflect that he has served about nine months of his one-year probation term.
It is well settled that a defendant cannot serve a prison term and be on probation simultaneously. Porter v. State, 585 So.2d 399, 400 (Fla. 1st DCA 1991). *171 To hold otherwise would be inconsistent with the rehabilitative concept of probation which presupposes that the probationer is not in prison confinement. Id. Any term of probation presumed to run when the defendant cannot be supervised would be a nullity. Id. As this court explained in State v. Savage, 589 So.2d 1016, 1018 (Fla. 5th DCA 1991):
Simple logic would seem to dictate that, where a defendant is incarcerated . . ., a probationary period from an unrelated sentence would be tolled since a probationary term should not be allowed to expire simply because a defendant has decided to incur new prison time as a result of a separate and distinct offense.
Applying this concept, the court in Bradley v. State, 721 So.2d 775 (Fla. 5th DCA 1998), held that defendant's supervision was tolled during the period of his incarceration, and, therefore, he was still under state supervision when he violated the terms of his community control. Accord Williams v. State, 773 So.2d 660 (Fla. 5th DCA 2000).
The lack of service of an arrest warrant and the defective affidavit of violation of probation require us to reverse the revocation of Jones's probation. Because Jones's incarceration tolled his probationary term, we also hold that upon his release he remains on probation despite the reversal of his revocation of probation and consequent sentence.[2]
Accordingly, we reverse the order of revocation and probation.
TORPY, J., concurs.
ORFINGER, J., concurs specially, with opinion.
ORFINGER, J., concurring specially with opinion.
I agree with the Court's analysis of the issues presented and the result reached because of the wording of section 948.06(1), Florida Statutes (2003). As the majority opinion correctly observes, the statute only tolls the probationary period if an affidavit of violation is filed and a warrant is issued.
I also agree with the State's argument that under the facts of this case, issuing a warrant would have been redundant, since Mr. Jones had already been arrested for the violation. However, the statute is clear on what is required to toll the running of the probationary period and that was not done here.
I urge the Legislature to amend section 948.06(1) to delete the requirement of an arrest warrant if an authorized officer makes a lawful arrest of an alleged probation violator and files an affidavit to that effect within the probationary period.
NOTES
[1] The one-year probation term commenced on 10 January 2003. Jones was arrested on 21 May 2003 and, according to the case docket, remained incarcerated until about 6 February 2004 when a surety bond posted. He was again arrested about 24 June 2004 for the subject home invasion robbery and has remained incarcerated since that time.
[2] We express no opinion whether service of an arrest warrant and properly filed affidavit of violation of probation for the 2004 home invasion offense during the remaining term of Jones's probation could serve as a basis for the revocation of his probation.