KHOUZAM, Judge.
In this appeal, Brandon Christopher Miller challenges the revocation of his probation and the judgments and sentences imposed upon revocation. We affirm in part and reverse in part.
On May 9, 2006, Miller pleaded no contest to aggravated assault with a deadly weapon and improper exhibition of a dangerous weapon. The trial court withheld adjudication and placed Miller on three years’ probation for aggravated assault and a concurrent term of one year’s probation for improper exhibition of a dangerous weapon. On November 9, 2007, an affidavit was filed alleging that Miller had violated his probation. The trial court found that Miller violated his probation and sentenced him to thirty months’ imprisonment. Although the court indicated orally that the probation revocation proceeding only applied to the aggravated assault offense, the written judgments and sentences entered upon the revocation reflect that Miller’s probation was revoked on both offenses and that he was adjudicated guilty and sentenced to two concurrent terms of imprisonment for thirty months.
We affirm the revocation of probation and the resulting judgment and sentence for aggravated assault with a deadly weapon. However, the State correctly concedes that the trial court lacked jurisdiction to revoke Miller’s probation on the improper exhibition of a dangerous weapon offense because the one-year probationary period had expired prior to the commencement of the revocation proceeding. Accordingly, we reverse the revocation of probation and the resulting judgment and sentence for improper exhibition of a dangerous weapon. See Marshall v. State, 934 So.2d 665, 666 (Fla. 2d DCA 2006). On remand, the trial court shall enter a written revocation order consistent with this opinion.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and CASANUEVA, JJ., Concur.