WALLACE, Judge.
 

 Randy Eugene Tatman appeals the post-conviction court’s denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. In his postcon-viction motion, Mr. Tatman asserted six grounds for relief. The postconviction court summarily denied some of the grounds raised and denied others after an evidentiary hearing. We affirm without discussion the postconviction court’s denial of all grounds asserted in Mr. Tatman’s motion except for ground 1(b). We also affirm as to this claim, but we write to explain why the circuit court retained jurisdiction over Mr. Tatman and could revoke his community control after his term of community control had expired.
 

 I. FACTS AND PROCEDURAL HISTORY
 

 Mr. Tatman pleaded guilty to two counts of sexual battery on a person older than twelve years of age but less than eighteen years of age by a person in a position of familial authority. The crimes were committed between December 20, 1998, and March 1,1999, and on March 11,1999. On July 20, 2000, the circuit court sentenced Mr. Tatman to two concurrent terms of two years’ community control followed by eight years’ probation.
 

 On May 17, 2002, Michael Cotignola, Mr. Tatman’s probation officer, arrested Mr. Tatman for violating the terms of his community control. On May 20, 2002, Officer Cotignola filed an affidavit of violation of community control. The circuit court docket reflects that Mr. Tatman was brought before the court on June 5, 2002. However, no warrant was signed or issued before Mr. Tatman’s term of community control expired. During a September 4, 2002, hearing, Mr. Tatman admitted that he had violated the conditions of his community control. The circuit court revoked Mr. Tatman’s community control on January 30, 2003, and sentenced him to two concurrent terms of twenty-five years’ imprisonment. This court affirmed the revocation and resulting sentences without
 
 *75
 
 opinion.
 
 Tatman v. State,
 
 888 So.2d 36 (Fla. 2d DCA 2004) (table decision).
 

 In ground 1(b), Mr. Tatman alleged that the circuit court lacked jurisdiction to revoke his community control because an arrest warrant was never issued.
 
 [1]
 
 In its written order, the postconviction court found that “[bjecause no warrant was signed as a result of the affidavit, the revocation process was not legally commenced before the period of community control expired.” Nevertheless, the post-conviction court concluded that the circuit court had jurisdiction to revoke Mr. Tat-man’s probation because (1) Mr. Tatman was sentenced to a probationary term that was consecutive to his term of community control and (2) the affidavit of violation of community control alleged several violations of a condition of community control that was also a condition of probation. Based on this reasoning, the postconviction court denied Mr. Tatman’s claim after an evidentiary hearing. Mr. Tatman appeals this order.
 

 II. DISCUSSION
 

 A circuit court lacks jurisdiction to revoke community control after the term of community control expires unless the revocation process is set in motion during the term of community control.
 
 State v. Boyd,
 
 717 So.2d 524, 526 (Fla.1998) (citing
 
 Carroll v. Cochran,
 
 140 So.2d 300, 301 (Fla.1962));
 
 Ermatinger v. State,
 
 866 So.2d 698, 699 (Fla. 2d DCA 2003);
 
 Morgan v. State,
 
 757 So.2d 618, 619-20 (Fla. 2d DCA 2000). The supreme court has explained that “when the affidavit is filed charging violation of the probation, the warrant is issued and the violator taken in custody within the period of probation, every ingredient of jurisdiction is preserved.”
 
 State ex rel. Lee v. Coker,
 
 80 So.2d 462, 463 (Fla.1955). Thus the revocation process is generally set in motion upon “the issuance of an arrest warrant based upon an affidavit alleging a violation of probation.”
 
 Jones v. State,
 
 964 So.2d 167, 170 (Fla. 5th DCA 2007);
 
 see Morgan,
 
 757 So.2d at 619.
 

 For the reasons outlined below, we conclude that the issuance of an arrest warrant was not required in this case. “The historic purpose of an arrest warrant in the criminal law context was to interpose between the government and the citizen a neutral official charged with protecting basic rights.”
 
 Hyser v. Reed,
 
 318 F.2d 225, 243 (D.C.Cir.1963) (en banc);
 
 see also Maulden v. State,
 
 617 So.2d 298, 300 (Fla.1993) (explaining that the purpose of an arrest warrant is “ ‘to interpose the magistrate’s determination of probable cause between the zealous officer and the citizen’ ” (quoting
 
 Payton v. New York,
 
 445 U.S. 573, 602, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980)));
 
 Van Daley v. State,
 
 20 Ark.App. 127, 725 S.W.2d 574, 578 (1987) (“The only purpose of an arrest warrant is to have an accused arrested and brought before the justice or other officer issuing the warrant so that he may be dealt with according to law.”).
 

 Under the facts of this case, the purpose underlying the warrant requirement was satisfied and the issuance of an arrest warrant would have been redundant.
 
 See Jones,
 
 964 So.2d at 171 (Orfinger, J., concurring). Section 948.06(1), Florida Statutes (1997), states in pertinent part:
 

 Whenever -within the period of probation or community control there are reasonable grounds to believe that a probationer or offender in community control
 
 *76
 
 has violated his or her probation or community control in a material respect, any ... probation supervisor may arrest ... such probationer or offender without warrant wherever found and forthwith return him or her to the court granting such probation or community control.
 

 This language expressly authorized Officer Cotignola to arrest Mr. Tatman without a warrant.
 
 See Grubbs v. State,
 
 373 So.2d 905, 908 (Fla.1979) (interpreting § 948.06, Fla. Stat. (1977)). Furthermore, Mr. Tat-man was brought before the court after his warrantless arrest but before his term of community control had expired. An arrest warrant would not have served any purpose because Mr. Tatman was lawfully arrested and brought before the court. Thus the issuance of an arrest warrant here was not necessary to set the revocation process in motion.
 

 The Fifth District’s decision in
 
 Jones
 
 does not compel a different result. In
 
 Jones,
 
 the Fifth District interpreted the 2003 version of section 948.06(1). Mr. Jones was arrested for a new law violation before his probationary period expired. 964 So.2d at 168-69. The arrest affidavit indicated that the new law violation constituted a violation of Mr. Jones’ conditions of probation.
 
 Id.
 
 at 169. No proper affidavit of violation of probation was filed and no arrest warrant was issued before Mr. Jones’ probationary period expired.
 
 Id.
 
 at 170. On appeal, the State cited
 
 Grubbs
 
 as support for its argument that the issuance of an arrest warrant was unnecessary because Mr. Jones had been arrested before the probationary period expired and the arresting officer knew about his probationary status.
 
 Id.
 
 The Fifth District rejected this argument because, unlike the 1977 version of section 948.06 interpreted by the
 
 Grubbs
 
 court, the 2003 version of that statute expressly required the filing of an affidavit of violation of probation and the issuance of an arrest warrant before the probationary period would be tolled.
 
 Id.
 
 at 169-70. Because no affidavit of violation of probation was filed or arrest warrant was issued before the probationary term expired, the Fifth District reversed the revocation of Mr. Jones’ probation.
 
 Id.
 
 at 171.
 

 Jones
 
 is distinguishable from this case for two reasons. First, an affidavit of violation of community control was filed before Mr. Tatman’s term of community control expired. Second, like in
 
 Grubbs,
 
 the version of section 948.06(1) applicable to this case does not include a tolling provision that requires the filing of an affidavit of violation of probation or the issuance of an arrest warrant. Therefore, the issuance of an arrest warrant was unnecessary because Mr. Tatman had been legally arrested and brought before the court prior to the expiration of his term of community control.
 

 III. CONCLUSION
 

 An affidavit of violation of community control was filed charging Mr. Tatman with violations of the terms of his community control. An arrest warrant would have been superfluous because Mr. Tat-man was taken into custody and brought before the court within the period of community control. Thus the revocation process was legally commenced before the period of community control expired, and the circuit court had jurisdiction to revoke Mr. Tatman’s community control. Accordingly, the postconviction court properly denied ground 1(b) of the motion. Thus we affirm the postconviction court’s order in all respects.
 

 Affirmed.
 

 SILBERMAN and VILLANTI, JJ., Concur.
 

 [1]
 

 . This claim is cognizable in a rule 3.850 motion "because the lack of subject matter jurisdiction is fundamental error that can be raised at any time.”
 
 Ford v. State,
 
 994 So.2d 1244, 1245 (Fla. 4th DCA 2008).