CASANUEVA, Chief Judge.
 

 David Lamar Abbey appeals his new judgment and prison sentences imposed for violating the terms of his community control. The State concedes, and we agree, that the trial court lacked jurisdiction to find Mr. Abbey in violation of his community control because the associated arrest warrant was untimely issued and served upon him. Thus, we reverse the order of revocation and prison sentences.
 

 On November 7, 2005, Mr. Abbey pleaded guilty to robbery and burglary of a conveyance. The trial court withheld adjudication and placed Mr. Abbey on twelve months of community control to be followed by thirty-six months of probation on each count, concurrent. Condition five of Mr. Abbey’s community control was that he was to have no new law violations.
 

 On August 16, 2006, Mr. Abbey’s supervisory officer filed an affidavit of violation of community control, stating that Mr. Abbey had violated condition five on August 14, 2006, by committing the criminal offense of lewd and lascivious or indecent battery upon a child under the age of sixteen. Although Mr. Abbey pleaded to, was convicted of, and was sentenced to prison for that new offense by May 2007, nothing occurred in this case regarding his community control or probation. In August 2008, the State discovered that the violation was still outstanding and sought a violation hearing. The defense moved to dismiss the violation because no arrest warrant related to the violation had ever been issued or served on Mr. Abbey. On November 5, 2008, the court issued a warrant at the State’s request, and it was served upon Mr. Abbey. Mr. Abbey pleaded open to the violation and was sentenced to fifteen years’ prison on both counts, to run concurrent to whatever other sentences he was currently serving.
 

 Mr. Abbey filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error, arguing that the trial court lacked jurisdiction to impose a prison sentence for a violation of community control due to the untimely issuance of the arrest warrant and that the sentence imposed for burglary of a conveyance exceeded the statutory maximum. The trial court denied that it lacked jurisdiction because Mr. Abbey was still under supervision, albeit probation rather than community control,- when the court signed the arrest warrant. The trial court granted the motion on the second ground and reduced the sentence for burglary of a conveyance to five years in prison.
 

 Certain actions must occur before a trial court obtains jurisdiction over a violation of community control or probation.
 

 A trial court lacks jurisdiction to revoke probation for a violation that occurs within the period of probation “unless
 
 *548
 
 the revocation process is set in motion during the probationary period.”
 
 Hoffman v. State,
 
 729 So.2d 421 (Fla. 1st DCA 1999). This same requirement applies to community control.
 
 Tyson v. State,
 
 655 So.2d 214 (Fla. 1st DCA 1995).
 

 Ermatinger v. State,
 
 866 So.2d 698, 699 (Fla. 2d DCA 2008) (reversing a revocation of community control for lack of jurisdiction when the revocation process did not begin until the defendant had completed his community control and was already serving his consecutive term of probation);
 
 see also Morgan v. State,
 
 757 So.2d 618, 619-20 (Fla. 2d DCA 2000) (same). The revocation process in this case did not begin until the court signed the arrest warrant in 2008, nearly two years after Mr. Abbey had completed his term of community control.
 
 See Morgan,
 
 757 So.2d at 619 (holding that “[a] revocation proceeding is set in motion when the arrest warrant is issued”). Consequently, the trial court lacked jurisdiction to revoke Mr. Abbey’s community control.
 

 Further, we note the trial court’s ruling on Mr. Abbey’s first ground in his rule 8.800(b)(2) motion was error. The trial court determined it retained jurisdiction so long as Mr. Abbey was under supervision, whether it was community control or probation.
 
 [1]
 
 This, reasoning fails because the State only alleged a violation of condition five of Mr. Abbey’s community control. There was no allegation of a violation of any condition of his probation. Further, Mr. Abbey was not yet on probation at the time of the new law violation, so the State could not have alleged his new offense was a violation of his probation.
 

 Accordingly, we reverse the trial court’s orders revoking Mr. Abbey’s probation and imposing the prison sentences in this case and remand for dismissal of the violation of probation proceedings.
 

 Reversed and remanded.
 

 CRENSHAW and MORRIS, JJ„ Concur.
 

 [1]
 

 . At the time of this' violation hearing, Mr. Abbey was serving his incarcerative sentence for the lewd and lascivious or indecent battery upon a child under the age of sixteen. We recognize that a defendant cannot serve a prison term and a supervisory- term of probation or community control at the same time.
 
 See Jones v. State,
 
 964 So.2d 167, 170 (Fla. 5th DCA 2007). This is of no concern in this appeal because Mr. Abbey was not sentenced for the lewd and lascivious battery charge until long after his term of community control in this case expired.