BENTON, C.J.
 

 Willie Lee Miller appeals the order revoking his probation and the sentence of
 
 *210
 
 five years’ imprisonment thereupon pronounced. The appeal he requested at the time was not perfected in the present case, but a belated appeal was eventually allowed. Because by now he has already served his sentence, however, we dismiss the appeal as moot.
 

 Mr. Miller faced charges in two separate cases. In May of 2002, he was charged in circuit court case No. 02-306CFA with one count of felony fleeing or attempting to elude an officer. He entered a plea of no contest in No. 02-B06CFA, was adjudicated guilty, and was sentenced to eighteen months’ imprisonment, followed by two years’ probation. As part of a plea agreement, he also entered a plea in circuit court case No. 02-597CFA in which he received an identical, concurrent sentence. In August of 2005, after his initial term in prison had ended and his probationary term had begun, the trial court revoked his probation in both cases, and imposed new, concurrent terms of three years’ probation in both cases.
 

 In June of 2007, another affidavit of violation of probation alleged that Mr. Miller committed a new law violation: sale, manufacture, or delivery of crack cocaine. In August of 2007, following the ensuing, consolidated violation of probation hearing in Nos. 02-306CFA and 02-597CFA, the trial court found that Mr. Miller committed a willful and substantial violation of terms of probation applicable in each case, revoked his probation in both cases, and sentenced him to two concurrent five-year terms of imprisonment, with credit for 254 days’ time served. As a result, Mr. Miller returned to the custody of the Department of Corrections on August 24, 2007.
 

 He sought to appeal the order revoking his probation and resentencing him in both cases, but the assistant public defender representing him listed a single case number on the notice of appeal: 02-597CFA. Addressing only the case before them, another panel of this court reversed and remanded with directions to reinstate probation with appropriate credit, because the trial court had relied exclusively on hearsay in revoking Mr. Miller’s probation.
 
 Miller v. State,
 
 10 So.3d 693 (Fla. 1st DCA 2009). On remand in June of 2009, the trial court reinstated probation in No. 02-597CFA.
 

 On July 2, 2009, Mr. Miller filed a motion “Requesting Clarification of Concurrent Sentences”
 
 pro se.
 
 On July 8, 2009, the trial court entered an order on the motion, explaining that, in compliance with this court’s opinion in
 
 Miller,
 
 the trial court had reinstated Mr. Miller to probation in No. 02-597CFA on June 15, 2009, but not to probation in No. 02-306CFA.
 
 [1]
 
 The trial court’s order further explained that, because no appeal was taken in No. 02-306CFA, Mr. Miller remained in DOC custody.
 
 [2]
 
 Further, the trial court’s order opined that he was probably entitled to be
 
 *211
 
 reinstated to probation in both cases, and that nothing foreclosed a belated appeal.
 

 There is no indication that the public defender’s office received a copy of the trial court’s order. Eventually, however, a petition seeking a belated appeal was filed and, on September 29, 2009, our mandate issued, allowing the present, belated appeal from the revocation order and sentence in No. 02-306CFA. In December of 2009, the trial court entered an order provisionally appointing the Public Defender for the Second Judicial Circuit Mr. Miller’s counsel on the belated appeal. No record on appeal was filed until January of 2011.
 
 [3]
 
 But Mr. Miller had served his sentence by then.
 

 He had been released from the custody of the Department of Corrections upon expiration of his sentence on June 11, 2010, Briefing went forward nevertheless. In March of 2011, we granted an assistant public defender’s request for a thirty-day extension for filing Mr. Miller’s initial brief, and granted another, similarly unopposed request for extension in April.
 
 [4]
 
 When at last filed on May 18, 2011, Mr. Miller’s initial brief was stricken
 
 sua sponte
 
 as technically deficient. Counsel filed an amended initial brief in June of 2011, correcting the deficiencies, after the state first requested its own extension of time — to file an answer brief — a request the court granted in the absence of an objection. The state filed its answer brief at the end of August 2011. No reply brief was filed.
 

 On the merits, the state concedes that the revocation of probation in No. 02-806CFA should be reversed, because, as it conceded and another panel of this court concluded in the first
 
 Miller
 
 case, the revocation was based on facts supported by nothing more than hearsay. Since Mr. Miller has already served his sentence, however, the question is moot, and we have no choice but to dismiss the appeal.
 
 See Vazquez v. State,
 
 930 So.2d 860, 861 (Fla. 2d DCA 2006) (dismissing as moot appeal of amended sentence and order modifying probation where appellant had served sentence in its entirety and was no longer on probation).
 

 Dismissed.
 

 ROWE and RAY, JJ., concur.
 

 [1]
 

 .
 
 But see Abbey v. State,
 
 39 So.3d 546, 548 n. 1 (Fla. 2d DCA 2010) ("a defendant cannot serve a prison term and a supervisory term of probation or community control at the same time”);
 
 Jones v. State, 964
 
 So.2d 167, 171 (Fla. 5th DCA 2007) ("To hold otherwise would be inconsistent with the rehabilitative concept of probation which presupposes that the probationer is not in prison confinement.”).
 

 [2]
 

 . The order read, in part:
 

 The Defendant was received by DOC on 08/24/07, continues to serve his 60-month sentence and has a pending release date of 01/30/10 (see attached judgment and sentence and DOC Inmate Population Information Detail).
 

 It appears defendant is entitled to probation reinstatement in both cases. Nothing herein forecloses a belated appeal to the First District Court of Appeal. However, this Court has no jurisdiction without direction by the First District Court of Appeal.
 

 [3]
 

 . The supplemental record was not filed until the beginning of February of 2011.
 

 [4]
 

 . Neither the requests for extensions of time filed by Mr. Miller's counsel nor by the state addressed the length of Mr. Miller's sentence while he was serving it or the fact that Mr. Miller had completed his sentence, once he had.