DAVIS, Chief Judge.
Dominic Nealy challenges the revocation of his community control and the sixty-month prison sentence for felony battery entered as a result of that revocation. As the State properly concedes, Mr. Nealy’s community control was completed before the revocation proceedings were initiated and it was error to revoke it. We therefore reverse the order of revocation and remand for the trial court to immediately vacate the order and resulting sentence and to dismiss the affidavit of violation of community control.
In 2008 Mr. Nealy pleaded no contest to felony battery and was sentenced to three years of probation. He violated this probation, and on or about August 17, 2009, he was placed on two years of community control to be followed by one year of probation. On September 14, 2011, following the expiration of the two-year community control portion of his sentence, he was alleged to have violated the conditions of his community control by committing a new law violation. On March 9, 2012, following an admission to the alleged violation, the trial court found that Mr. Nealy had violated the terms of his community control and extended his probation for one additional year.[1] Mr. Nealy did not appeal the May 30, 2012, order modifying his community control entered after these proceedings.
On May 31, 2012, Mr. Nealy was alleged to have violated certain technical terms specifically associated with community control. Following a hearing he was found to have violated those terms and he was sentenced to five years in prison. The State *694 properly has conceded that this was error because, despite the May 30, 2012, order, Mr. Nealy’s community control actually ended in August 2011, approximately nine months before the alleged violations.[2] Therefore, because he could not have been serving anything more than probation at that time, the trial court lacked jurisdiction to revoke his community control based on the May 2012 allegation. See Ermatinger v. State, 866 So.2d 698, 699 (Fla. 2d DCA 2003) (“Because the revocation process did not begin until ... after Ermatinger’s period of community control expired, the trial court was without jurisdiction to revoke his community control.”). Accordingly, we reverse the revocation of Mr. Nealy’s community control and remand for the trial court to immediately vacate the order of revocation and the resulting sentence and to dismiss the affidavit of violation of community control. Mr. Nealy is entitled to be immediately released from any prison sentence he is serving for the conviction associated with this opinion.
Reversed and remanded.
CASANUEVA and KHOUZAM, JJ., Concur.

. We are without the benefit of any transcripts from the proceedings held on the alie- *694 gations of violation in 2011. It is clear from the available record that Mr. Nealy was erroneously alleged to have violated the terms of his then-expired community control. The March 9, 2012, and the corrected May 14, 2012, Hendry County Circuit Court disposition forms that are part of the record on appeal clearly indicate that the additional year of probation was a modification and extension of the probation he was then serving. But the subsequent order of modification of community control entered on May 30, 2012, finds Mr. Nealy in violation of his August 17, 2009, community control and incorrectly states that this community control was originally set to run for a period of "5 years, 2 months!,] 21 days.” It also extends the one-year period of probation set to follow that community control by an additional year.

. Even considering that the May 30, 2012, order erroneously modifying his community control went unchallenged, Mr. Nealy was only serving probation at the time of the alleged violation in May 2012. See § 948.01(4), Florida Statutes (2008) (stating that community control can be for a period of no more than two years). The May 30, 2012, order is, at best, an extension of the probation he was serving at that time; it is not a legal extension of the community control portion of his sentence beyond two years.