ALTENBERND, Judge.
Dennis Merrill Deal appeals the order revoking his probation and the numerous sentences imposed on revocation. We affirm the order of revocation as to count one without comment. We also affirm his thirty-year sentence for count one. Because his terms of probation on several other counts expired before the State filed the affidavit of violation, we reverse other sentences as explained below.
The State filed an information against Mr. Deal in July 1999. That information contained twenty-one counts for sexual offenses occurring between 1995 and 1999. In March 2000, Mr. Deal pleaded guilty to counts one, five, six, eight, ten, and twenty-one. The State agreed to dismiss the remaining fifteen counts. Mr. Deal was sentenced to thirteen years’ imprisonment on all of the counts to which he pleaded. Following the period of imprisonment, he was sentenced to ten years’ probation on count one and to two years’ probation on counts five, six, eight, ten, and twenty-one. He went to prison and was released in August 2010.
Although Mr. Deal’s probation was modified on two occasions during the two years that followed, it was never revoked or extended. The sentences on appeal were imposed based on an affidavit filed in August 2013. By that time, Mr. Deal had completed serving his probationary sentences on all counts except for count one. Accordingly, the trial court lacked jurisdiction to impose new sentences on the counts for which Mr. Deal had completed his probationary sentences. See Morgan v. State, 757 So.2d 618 (Fla. 2d DCA 2000). As a result, we affirm the thirty-year sentence imposed for count one, but we reverse the sentences imposed on counts five, six, eight, ten, and twenty-one. On remand, the trial court shall enter an order vacating these sentences and it shall also modify the order of revocation as needed to adjust for this reversal. The trial court shall direct the circuit court clerk to send the Department of Corrections certified copies of the order vacating the sentences and any revised sentences entered by the trial court on remand.
Affirmed in part, reversed in part, and remanded with directions.
CRENSHAW and MORRIS, JJ., concur.