NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ROGER W. STUMP,                              )
                                             )
                Appellant,                   )
                                             )
v.                                           )          Case No. 2D17-2408
                                             )
STATE OF FLORIDA,                            )
                                             )
                Appellee.                    )
_____)

Opinion filed February 23, 2018.

Appeal from the Circuit Court for Polk
County; Kelly P. Butz, Judge.

Howard L. Dimmig, II, Public Defender,
and Megan Olson, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


SILBERMAN, Judge.

        In this appeal pursuant to Anders v. California, 386 U.S. 738 (1967),

Roger W. Stump appeals the order that revokes his sexual offender probation after an

evidentiary hearing and the resulting concurrent sentences for twenty-six counts of

possession of child pornography.  We affirm in all respects except as to count one.

Stump was placed on two years of sexual offender community control on count one in 2011. When the affidavit of violation of probation was filed in 2016, he had completed his community control on count one and was serving sexual offender probation on other counts. Because he had already completed his sentence on count one, the trial court did not have jurisdiction to impose a new sentence on that count. See Deal v. State, 162 So. 3d 282, 282 (Fla. 2d DCA 2015) (stating that "the trial court lacked jurisdiction to impose new sentences on the counts for which Mr. Deal had completed his probationary sentences"). Therefore, we reverse the sentence on count one and direct the trial court to enter an order vacating the sentence and to modify the revocation order to reflect this change. See id. In all other respects we affirm.

Affirmed in part, reversed in part, and remanded.

NORTHCUTT and MORRIS, JJ., Concur.